## FOOR ET AL. *v.* EDWARDS ET AL.

[No. 6,965. Filed February 2, 1910.]

1. NUISANCE.—*Definition.*—Whatever is injurious to health, indecent, offensive, or such an obstruction to property as essentially interferes with the comfortable enjoyment of life or property, is a nuisance. p. 260.

2. NUISANCE.—*Skating-Rinks.*—A skating-rink is not a nuisance *per se*, but whenever it is so conducted as to interfere with the use and enjoyment of another's property, it becomes a nuisance. p. 261.

3. NUISANCE.—*Skating-Rink.— Abatement.— Complaint.—* A complaint alleging that defendants maintain a skating-rink over plaintiffs' store and that the operation of such rink is driving away the plaintiffs' customers and will destroy their business, is sufficient; and it is not necessary to set out the names of such customers. p. 261.

4. DAMAGES.—*Injunction.—Adequate Remedy.— Nuisance.— Skating-Rink.*—A judgment for damages is not adequate relief, where defendants are operating a skating-rink, thereby driving away plaintiffs' customers. p. 261.

From Putnam Circuit Court; *Benjamin F. Corwin,* Special Judge.

Suit by John T. Edwards and another against Frank E. Foor and others. From a decree for plaintiffs, defendants appeal. *Affirmed.*

*W. D. Headrick, C. A. Tevebaugh, C. C. Gillen* and *G. M. Wilson,* for appellants.

*. S. A. Hays,* for appellees.

ROBY, J.—This was a suit by appellees. The complaint was in one paragraph. The appellants demurred thereto. Their demurrers were overruled and exceptions reserved. Appellants refused to plead further, and a decree was entered against them. The substance of the complaint is that the plaintiffs, doing business under a firm name, are and have been for several years engaged in the retail clothing, furnishing and shoe business in the town of Roachdale, Putnam county; that their place of business is on the first floor of a certain building held by them, under a parol lease from one

of the defendants, from year to year, with the privilege of keeping the same as long as they desire; that the second story of said building is in one large room extending over the full length and width of the room occupied by the plaintiffs; that the defendants have recently caused and permitted said room, known as a hall, to be occupied and used as a skating-rink by the defendants Foor, Woodbury and Miller, who are and have been since January 3, 1908, conducting a roller skating-rink therein during day and evening, while the plaintiffs are trying to carry on their said business.

Facts are stated showing that said skating-rink is productive of much noise, which prevents the carrying on of conversation in the storeroom and annoys and discommodes plaintiffs' customers, and drives them away, thereby injuring their business, reducing their profits, and causing them great injury which cannot be compensated in damages; that the noise from said skating-rink is so loud and disagreeable as to render plaintiffs' room unfit for use, and such use, if permitted to continue, will destroy plaintiffs' trade and prevent their carrying on said business. Facts are stated showing the character and extent of plaintiffs' business, their inability to get another room in the town, and that the defendants, unless restrained, will continue to carry on the skating-rink as aforesaid.

Prayer is for an injunction and damages. The court assessed damages at one cent, and enjoined the defendants from carrying on the skating-rink in said hall in such manner as to annoy the plaintiffs and render the further use of their store impossible and uncomfortable, or so that the noise thereof will interfere with the use and enjoyment of said storeroom.

"Whatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable

1.     enjoyment of life or property, is a nuisance, and the subject of an action." §291 Burns 1908, §289 R. S. 1881.

See *Acme Fertilizer Co.* v. *State* (1905), 34 Ind. App. 347, 107 Am. St. 190.

The appellants had a right to keep a skating-rink. But while a lawful business is not a nuisance *per se* when it is so situated and conducted as to interfere with the free use and enjoyment of another, it may become a nuisance. The rule that every man shall so use his own as not to interfere with others extends to every use, and the mere lawfulness of the business will not justify interference with or the destruction of the comfortable enjoyment of his property by another. The complaint shows an interference with the appellees' comfortable enjoyment of their property. It does more than that, it shows that their business will be destroyed if the skating-rink is operated in the manner and at the times described. Appellants correctly assert that facts and not conclusions must be stated in the pleading, but the complaint is not defective in such respect. To require the names of the customers driven away to be stated would be to require the evidence to be pleaded.

The character of the injuries complained of is not such as to enable us to say that a judgment for damages would afford full compensation. On the contrary, the damage charged is of such a nature as to be practically impossible of ascertainment. The demurrer was rightfully overruled.

Decree affirmed.