# WATKINS *v.* FORKNER.

## [No. 7,559. Filed March 29, 1912.]

1. ELECTIONS.—*Recount.—Undertaking for Costs.—Jurisdiction.— Dismissal of Petition.*—The filing of a sufficient undertaking for costs is a condition precedent in a proceeding to recount votes under §§6990, 6991 Burns 1908, §§4738, 4739 R. S. 1881, and until it is filed the court is without authority to grant the prayer of the petition and the same may be dismissed for want of jurisdiction. p. 37.

2. ELECTIONS. — *Recount. — Appeal.—Jurisdiction.*—The Appellate Court acquires no jurisdiction on appeal from a judgment dismissing a petition for recount of votes where it appears from the record that the lower court had no jurisdiction to grant the relief prayed. p. 37.

3. ELECTIONS.—*Recount.—Acquiescence in Result.—Dismissal of Appeal.*—Where it appears that pending an appeal from a judgment dismissing a petition for a recount of votes, the successful candidate resigns, and the contestant acquiesces in the result of the election by becoming a candidate to fill the vacancy, the appeal will be dismissed. p. 37.

From Henry Circuit Court; *Will M. Sparks,* Special Judge.

Action by James L. Watkins against Mark E. Forkner to contest election. From a judgment of dismissal, contestant appeals. *Dismissed.*

*E. A. Nation, H. G. Yergin, Brown & Beard,* for appellant.

*Eugene H. Bundy, N. Guy Jones,* for appellee.

FELT, C. J.—Appellant, James L. Watkins, has wholly ignored the rules of this court in the preparation of his brief. Appellee, Mark E. Forkner, calls attention to this fact, but supplies in his brief much that should have appeared in appellant's brief.

On December 17, 1909, appellant filed in the Henry Circuit Court his verified petition, in which he alleged, in substance, that on December 13, 1909, appellant and appellee were candidates for the office of mayor of the city of New Castle; that appellant desires to contest said election, and honestly believes there was a mistake made and fraud committed in the official count of the ballots cast for said office; that he desires a recount of all said ballots, including all contested or thrown out ballots.

Prayer for the appointment of three commissioners, and all proper relief. No other pleading was filed by appellant.

Proof that due notice of the filing of said petition was served on appellee was made on December 21, 1909, and thereupon appellee, by his attorneys, entered a special appearance, and moved to dismiss said petition, for the following reasons: (1) That there is no law in force authorizing the proceedings; (2) the court has no jurisdiction on the

subject-matter of the action or of the parties to the proceeding.

The motion to dismiss was sustained, the petition dismissed, and judgment was rendered accordingly.

The assignment relied on is that the court erred in sustaining the motion to dismiss the petition for a recount of the ballots.

The proceeding is not an election contest, but appellant contends that he is entitled to a recount under §§6990, 6991 Burns 1908, §§4738, 4739 R. S. 1881.

Appellee claims these sections have been repealed by later acts, and are no longer in force. But assuming, without deciding, that they are in force, the lower court was justified in dismissing appellant's petition.

Section 6991, *supra,* after providing when and how such petition may be filed, concludes by stating that "upon his furnishing a written undertaking, with sufficient freehold surety, that he will pay all the costs of such recount, the court or judge shall grant the prayer of said petition and order said recount to be made." Until such undertaking was filed the court was not authorized to grant the prayer of the petition, and properly dismissed it for want of jurisdiction. The record does not show the filing of any undertaking for costs, and the statute makes this a condition precedent to the right to have commissioners appointed to recount the ballots. This conclusion makes it unnecessary to decide whether the statute relied on is in force.

The record shows that the circuit court did not have jurisdiction to grant the relief prayed for by appellant. This court, therefore, has acquired no jurisdiction.

Furthermore, pending the consideration of the cause in this court, appellee has filed his verified motion to dismiss the appeal, on the ground that Mark E. Forkner did, on September 6, 1910, resign the office of may-

or of said city; that his resignation was duly accepted; that appellant, James L. Watkins, thereupon became a candidate before the common council for election as mayor, and was voted for by some members thereof for election to fill the unexpired term of said Forkner.

It thus appears that appellee has long since ceased to hold the office of mayor; that appellant acquiesced in and recognized the election of appellee to said office; that his resignation caused a vacancy in the office to which appellant sought election.

The controversy has therefore resolved itself into a moot question, which alone would compel a dismissal of the appeal under the well-established rules of this Court and our Supreme Court.

As this Court has not acquired jurisdiction, and the controversy has resolved itself into a moot question, the appeal is dismissed.

NOTE.—Reported in 97 N. E. 1020. See, also, under (1) 1913 Cyc. Ann. 1784; (2) 2 Cyc. 537; (3) 3 Cyc. 188. For a discussion of the resignation of the contestee as a defense to a proceeding to contest an election, see Ann. Cas. 1912D 265.