## CLENDENIN *v.* PICKETT.

[No. 7,707. Filed October 29, 1912.]

1. NUISANCE.—*Private Nuisance.*—*Action to Enjoin.*—*Complaint.* —*Sufficiency.*—A complaint to enjoin defendant from maintaining a private nuisance, alleging that defendant erected buildings within twenty-five rods of plaintiff's residence, that he collected in and about such buildings the carcasses of animals which were submitted to processes, whereby unwholesome, noxious, etc., gases and odors were given off and permeated plaintiff's dwelling-house, greatly annoying, injuring and incommoding plaintiff and his family in the use and enjoyment of the premises, etc., is sufficient, under §§201-293 Burns 1908, §§289-291 R. S. 1881, defining what shall constitute a nuisance and providing that the same may be enjoined or abated on the action of any person whose property is injuriously affected, or whose personal enjoyment is lessened thereby. p. 284.

2. PLEADING.—*Demurrer.*—*Admissions.*—A demurrer to a pleading admits the truth of all facts well pleaded. p. 285.

From Wayne Circuit Court; *Henry C. Fox*, Judge.

Action by William H. Pickett against William S. Clendenin. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Henry U. Johnson, Freeman & Freeman,* for appellant.
*Robbins & Robbins,* for appellee.

LAIRY, J.—Appellee sued appellant in the Wayne Circuit Court and obtained a decree enjoining appellant from maintaining on his land a fertilizer plant, alleged to constitute a private nuisance. Appellee also obtained a judgment for $150 damages. The only error assigned and argued on appeal is the action of the trial court in overruling appellant's demurrer to the complaint.

The only objection urged against the complaint is that the facts averred do not show that the offensive odors and stenches created by appellant in the conduct of his

1. business were of such a character as essentially and materially to obstruct the use of appellee's property, or such as essentially to interfere with his comfortable enjoyment of the same, within the meaning of our statute on the subject of nuisances. The sections bearing on this subject, being §§291-293 Burns 1908, §§289-291 R. S. 1881, are as follows: Section 291. ''Whatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action.'' Section 292. ''Such action may be brought by any person whose property is injuriously affected, or whose personal enjoyment is lessened by the nuisance.'' Section 293. ''Where a proper case is made, the nuisance may be enjoined or abated, and damages recovered therefor.''

Without setting out the complaint at length, it is sufficient to state that it alleges, in substance, that defendant erected buildings on his land, within twenty-five rods of plaintiff's residence, and that he collected in and about said buildings

the carcasses of animals, which were there steamed, boiled and submitted to other processes, whereby unwholesome, noxious, disagreeable and offensive gases and odors were given off, and that the air which surrounded and permeated plaintiff's dwelling-house was at all times laden with these unwholesome, injurious and noxious gases and odors. The complaint further avers: ''The plaintiff and his family have been then and there and thereby at all times, and still are greatly annoyed, injured and incommoded in the use, possession, occupation and enjoyment of said dwelling house and premises, and the peace, comfort and happiness of the plaintiff and his family disturbed and destroyed, and the said dwelling house of plaintiff and his real estate and premises greatly depreciated in rental value, and damaged and rendered unfit and unsuitable for occupation or use.''

2. The demurrer admits the truth of all facts well pleaded. Simply to call attention to the averments of the complaint is sufficient to demonstrate the fallacy of appellant's contention. The complaint is clearly good.

The judgment of the trial court is affirmed.

Note.—Reported in 99 N. E. 530. See, also, under (1) 29 Cyc. 1241; (2) 31 Cyc. 333. As to the nature and elements of private nuisance, see 118 Am. St. 869.