MAY TERM, 1916. 263

Terre Haute Paper Co. v. Terre Haute Water Works—62 Ind. App. 263.

TERRE HAUTE PAPER COMPANY v. TERRE HAUTE
WATER WORKS COMPANY.

[No. 8,531. Filed November 2, 1915. Rehearing denied April 18,
1916. Transfer denied June 2, 1916.]

1. APPEAL.—*Moot Question.*—*Suit to Restrain Act Done.*—Because
of a dispute as to water rates, defendant threatened to cut off the
water supply for plaintiffs automatic sprinkler system, a fire pro-
tection device, and suit was brought to restrain such action. After
the filing of the suit and pending appeal, the defendants did cut
off such water supply, and then, on the appeal, argued that only a
moot question was presented. *Held,* that the question did not
become moot, as the court had ample power to compel the
defendant to furnish plaintiff water, and can not be deprived of
jurisdiction by the commission of the wrongful act complained of
after the filing of the suit and pending appeal. p. 268.

2. WATERS AND WATERCOURSES.—*Public Water Supply.*—*Duty
of Company.*—In obtaining and accepting a contract with a munici-
pality to supply it and its inhabitants with water for domestic
use and fire protection a water company becomes impressed with
a public duty to furnish a supply which shall be equal to all emer-
gencies which may reasonably be anticipated, such as unusual
droughts and conflagrations and to meet the enlarged demand
incident to the increasing population of the municipality. pp. 270,
272.

3. INJUNCTION. — *Inefficient Injunction.*—*Granting.*—Where the
order of the court could not correct the mischief complained of, an
injunction will not be granted. p. 271.

4. WATERS AND WATERCOURSES.—*Public Water Supply.*—*Duty of
Company.*—*Fire Protection.*—*Ordinance.*—A municipal ordinance
authorized a company to operate a system of water-works to supply
the city and its inhabitants with water and provided that a schedule
of water rates be established by agreement or by arbitration.
Pursuant to this ordinance there was established a schedule of
rates to be charged the several classes of consumers, and it was
determined that various kinds of shops and factories should pay,
at meter rates, for the estimated quantity of water consumed where
meters were not used. The plaintiff installed in its paper mill an
automatic sprinkler system, a new fire protection device, and upon
its refusal to install at its own expense water meters to measure
the water consumed and to pay a fixed sum in addition to the meter
rates, the water company threatened to cut off the supply, and the
plaintiff brought suit to enjoin such action, asserting that under the
contract with the city the defendant was obligated to supply
water at meter rates, the quantity consumed to be estimated and
there was no right, under the ordinance, to insist upon the installa-
tion of meters. Plaintiff also contended that the installation of

meters would impair the efficiency of the fire protection afforded by the sprinkler system. *Held*, that the water company was obliged to furnish plaintiff with water at meter rates, the quantity consumed to be estimated, and that the ordinance did not require the installation of meters. p. 272.

5. WATERS AND WATERCOURSES.—*Public Water Company.— Duty.*—A water company, operating under a contract with a city to supply it and its inhabitants with water for domestic uses and for fire protection, is chargeable with the knowledge that new and improved devices for protection from fire are constantly being devised, and the mere fact that such improved apparatus enables a property owner to protect his property from fire at a lessened cost is no ground for increasing the price for furnishing the service which the water company has contracted to provide. p. 273.

6. WATERS AND WATERCOURSES.—*Public Water Supply.—Action to Protect Water Rights.—Evidence.*—The fact that a water company and plaintiff entered into a special contract for water service at a rate different from that provided in the schedule established by the city ordinance was not evidence that the water company had the right and authority, under its contract with the city, to designate certain kinds of service as a special service for which it might charge a greater rate than that provided for in the ordinance. p. 273.

7. WATERS AND WATERCOURSES.—*Public Water Supply Company.— Franchise.—Rights.*—A public service corporation has only such rights as its franchise defines. p. 274.

From Vigo Circuit Court; *James P. Hughes,* special judge.

Action by the Terre Haute Paper Company against the Terre Haute Water Works Company. From a judgment for the defendant, the plaintiff appeals. *Reversed.*

*Stimson, Stimson, Hamil & Davis* and *McNutt, Wallace & Sanders,* for appellant.

*Lamb, Beasley, Douthitt & Crawford,* for appellee.

SHEA, C. J.—This action was brought by appellant, Terre Haute Paper Company, against appellee to enjoin the latter from interrupting the flow of water from its water works to appellant's paper mill. The court rendered judgment that appellant was not entitled to the equitable relief sought and that

appellee recover costs.    The errors assigned and relied on for a reversal are: (1) The overruling of appellant's demurrer to the second paragraph of appellee's answer; (2) error of the court in ruling that the Hon. James P. Hughes had jurisdiction to hear and try the cause as special judge, and in overruling appellant's objection to said Hughes acting as special judge; (3) error of the court in its conclusions of law stated on the special findings of fact made; (4) the overruling of appellant's motion for a new trial; for judgment on the special findings of fact notwithstanding the conclusions of law; and for judgment on the evidence notwithstanding the special findings of fact and conclusions of law.

Briefly, the complaint charges in substance that on March 21, 1871, the city of Terre Haute adopted an ordinance authorizing appellee to operate a system of water-works to supply the city and its inhabitants with water, and for that purpose to lay pipes in all the streets of the city; that said ordinance requires that appellee shall maintain a high pressure of water in said pipes for the purpose of extinguishing fires, and shall furnish the citizens upon the several streets along which pipes may be laid, such quantity of water as they may desire, for which it shall have the right to charge a sum fixed by a schedule of rates of charges to be established by agreement between it and the city, or by arbitration; that pursuant to the provisions of said ordinance, a schedule of rates of charges was established in the manner prescribed, which is still in force; that said schedule fixes the rates of charges for water for certain uses and purposes specified in the schedule, and also a scale of rates for water when meters are used, and further provides that, in case of manufacturies of all kinds not specified and for all purposes not

provided for therein or in any ordinance of said city, and when meters are not used, there should be charged meter rates on the estimated quantities used; that appellant is a manufacturer of paper and has a paper mill located in the city of Terre Haute upon a street along which appellee has laid and is maintaining a pipe which is a part of, and is connected with its system of water-works; that appellant has now, and for several years has had in its paper mill, a system of pipes and automatic fire extinguishers connected with appellee's pipes in said street, through which water is delivered to it without the use of a meter, and desires to continue the use of said water for extinguishing fires by said automatic fire extinguishers, and for no other purpose; that the risk of fire in paper mills is very great, and fire insurance at any practicable rate, by responsible insurance companies, can only be obtained by appellant on its mill on condition that a system of automatic fire extinguishers shall be maintained therein, supplied with water under high pressure and through pipes unobstructed by meters or any device which would retard or diminish the flow of water to said extinguishers; that appellant is carrying a large insurance upon said mill, which would be liable to immediate cancellation in case any meter should be installed for the measurement of the water delivered to the fire extinguishers; that paper mills are not specified in the schedule of rates of charges for water furnished by appellee, nor is there any specified rate fixed for the use of water for the purpose of fire protection in paper mills or other private establishments, or for use by automatic fire extinguishers; nor is there any ordinance fixing a rate in such cases; that appellant is ready and willing to pay the meter rates established by the schedule, for the estimated amount of water furnished by appellee and used by

MAY TERM, 1916. 267

Terre Haute Paper Co. *v.* Terre Haute Water Works—62 Ind. App. 263.

it in the mill; that appellee now unlawfully demands that appellant shall at its own expense install meters at the mill for the measurement of the water delivered to the fire extinguishers, and pay therefor $300 a year as a fixed charge, and meter rates in addition thereto for all water used, whether any water is used or not, and is unlawfully threatening to shut off the water supplied to said fire extinguishers unless appellant shall comply with said unlawful demand; that the installation of the meters would be an initial expense to appellant of about $100 and the same would retard and diminish the flow of water to the extinguishers and increase the danger of the destruction of said mill by fire; that appellant's insurers have threatened to and will cancel appellant's insurance on the mill in case the meters are put in; that appellant has refused to comply with appellee's demand and appellee has threatened to and will cut off the water supply unless restrained from doing so by order of the court before notice can be given and a final hearing had herein. Appellant prays for a temporary injunction until a final hearing can be had; that appellee be perpetually enjoined from cutting off said water supply and for $500 damages and all other proper relief.

The special findings of fact are very elaborate, and no good purpose can be served by setting them out in full. It is sufficient to say that it is found that appellee refused to continue the service under which water had been supplied for five years and demanded that appellant put in expensive meters and pay a minimum rate of $300 per year in addition to the regular meter rate. Appellant refused to accept these terms, but offered to comply with the terms of the ordinance, which offer was refused by appellee. It is argued that because, since the filing of this suit and pending the appeal, appellee cut off

the water supply, and also cut the pipes leading from appellant's mill to appellee's water plant, the record presents a moot question, and, therefore, under the well established rule, the court will not determine such question.

We can not agree with appellee's learned counsel in his reasoning upon this proposition. The record does not present such moot question as 1. would authorize this court to refuse to consider the real questions involved. High on Injunctions (4th ed.) §23 lays down the following rule: "And where suit is begun before the doing of the wrongful act and during the pendency of the suit the act is done by the defendant, the court will not thereby be deprived of its juridsiction." *Lewis* v. *Town of North Kingston* (1887), 16 R. I. 15, 11 Atl. 173, 27 Am. St. 724. We quote from the above case the following: "It ought not to be in the power of a defendant in an injunction bill to oust the court of its jurisdiction by committing, *pendente lite*, the very acts to prevent which the suit was begun."

If, on the other hand, appellee had furnished to appellant its supply of water upon the terms of the special agreement between them, or upon the terms and conditions of the ordinance, then a moot question would be presented which this court could not consider and the principle for which appellee contends would have application, but upon the record as it now stands, as heretofore stated, the questions are not moot. A question is moot when the judgment of the court could not accomplish the result prayed for. In this cause, the court has ample power by mandate to compel appellee to restore the pipes and furnish the water needed by appellant. *Lewis* v. *Town of North Kingstown, supra; Brauns* v. *Glesige* (1892), 130 Ind. 167, 29 N. E.

1061; *Whiteman* v. *Fayette Fuel-Gas Co.* (1891), 139 Pa. 492, 20 Atl. 1062; *New Haven Clock Co.* v. *Kochersperger* (1898), 175 Ill. 383, 390, 51 N. E. 629; *Ogborn* v. *City of Newcastle* (1912), 178 Ind. 161, 98 N. E. 869.

Elaborate and very able briefs have been filed by counsel on both sides, and an exhaustive special finding of facts with conclusions of law stated thereon is in the record. The decision of a very few questions will, in the judgment of this court, however, determine all the questions so ably presented by counsel in their briefs: (1) Was the water company obliged, under the terms of the ordinance to furnish water to appellee in such quantities as it might desire in its paper mill, as shown in the complaint? (2) Was appellee within its rights in demanding that a special contract should be entered into in terms indicated by it before it was obliged to furnish water and pressure demanded by appellant?

The material parts of the ordinance mentioned in the complaint are as follows: "Be it ordained by the common council of the city of Terre Haute; that the Terre Haute Water Works Company, a corporation organized in the month of March, in the year one thousand eight hundred and seventy-one, under the laws of the State of Indiana, and its successors be and hereby are exclusively authorized and empowered to construct, maintain and operate water works in the city of Terre Haute, to supply said city and its inhabitants with pure and wholesome water; to acquire and hold, as by law authorized, any real estate, easements and water rights necessary to that end and purpose, and to use the streets, alleys, avenues and public grounds of said city of Terre Haute, as it now is or hereafter may be laid out and enlarged, for the purpose of laying

therein pipes and conduits necessary to carry and convey water throughout said city.

"Section 3.    That in the construction of said water works the company shall adopt that system known as the Holly Water Works, or some other approved system, in their discretion; and shall maintain the same in such condition as to be capable of throwing six streams. at once, one hundred feet vertically through one inch nozzles; that the company shall erect for fire purposes at least two double fire plugs to each square along the streets wherein their pipes may be laid.    Said fire plugs shall be entirely under the control of the City Council and the Fire Department appointed by it, and moreover said company shall lay pipes along such streets as the Common council may require on reasonable notice as to the time and condition of the ground for work of that character."

Appellee, in obtaining and accepting a contract with the city of Terre Haute to supply the city and its inhabitants with water for domestic 2.    use and fire protection, became impressed with a public duty.    *Central Union Tel. Co.* v. *Fehring* (1896), 146 Ind. 189, 45 N. E. 64; *City of Rushville* v. *Rushville, etc., Gas Co.* (1892), 132 Ind. 575, 28 N. E. 853, 15 L. R. A. 321; *Central Union Tel. Co.* v. *State, ex rel.* (1891), 118 Ind. 194, 19 N. E. 604, 10 Am. St. 114; *Portland Nat. Gas & Oil Co.* v. *State, ex rel.* (1893), 135 Ind. 54, 34 N. E. 818, 21 L. R. A. 639; *Indiana, etc., Gas Co.* v. *State* (1901), 158 Ind. 516, 519, 63 N. E. 220, 57 L. R. A. 761; *Indiana, etc., Gas Co.* v. *Anthony* (1900), 26 Ind. App. 307, 58 N. E. 868; *Greenfield Gas Co.* v. *Trees* (1905), 165 Ind. 209, 211, 75 N. E. 2; *Coy* v. *Indianapolis Gas Co.* (1896), 146 Ind. 655, 46 N. E. 17, 36 L. R. A. 535; *Pond* v. *New Rochelle Water Co.* (1906), 183 N. Y. 330, 76 N. E. 211, 1 L. R. A.

(N. S.), 958, 5 Ann. Cas. 504; *Condon* v. *New Rochelle Water Co.* (1908), 116 N. Y. Supp. 142; *State* v. *Cadwallader* (1909), 172 Ind. 619, 87 N. E. 644, 89 N. E. 319.

In 4 McQuillan, Municipal Corp., 3573, this language is used: "It was said by Chancellor Pitney in *Long Branch Commission* v. *Tintern Manor Water Co.*, 70 N. J. Eq. 71, 62 Atl. 474, in speaking for the court of chancery of New Jersey, that: 'A company which seeks and obtains a franchise to supply a certain territory with water for public and domestic uses is under a moral, and in my judgment a legal, obligation to furnish a supply which shall be equal to all emergencies which may be reasonably anticipated, including unusual droughts and unusual conflagration, and to bear constantly in mind the prospective increase in population and a consequent increased demand for water.' "

It is the rule that an injunction will not be granted where the order of the court could not correct the mischief complained of and the authorities

3. cited by appellee in the very able brief of counsel go no further than this but, as above stated, no such case is presented by this record. *State, ex rel.* v. *Board* (1899), 153 Ind. 302, 54 N. E. 809; *Princeton, etc., Co.* v. *Gilmore* (1907), 170 Ind. 366, 83 N. E. 500.

If the provisions of the ordinance are sufficiently broad to cover the demands made upon appellee by appellant, then appellant was within its rights in demanding that it be supplied with water under the ordinance. The general provisions of the ordinance seem to contemplate that water shall be supplied to all persons resident of the city of Terre Haute who make demand therefor. Where the rate is not provided for, the charge shall be at meter rates on the estimated quantity used. In the schedule of

rates this language is found: "Distilleries, foundries, machine shops, locomotives, soap or starch works and manufacturies of all kinds, not specified in the above or following list, and for all other purposes not provided for herein, or in ordinances of the city of Terre Haute, in favor of the Terre Haute Water Works Company, will be charged meter rates on the estimated quantities they use (where meters are not used)." This language clearly shows that it was contemplated that water should be served without the use of meters, at meter rates, the quantity used to be estimated. In this case, it could have been accurately ascertained, as it was pumped into a tank, the capacity of which could be easily measured.

It is the judgment of this court that appellee was obliged to furnish appellant with water in accordance with this provision. There is no provision of the ordinance which gives appellee authority to require patrons to use expensive meters and pay an extra price in addition, as was attempted in this case. *New Haven Clock Co.* v. *Kochersperger, supra; Pond* v. *New Rochelle Water Co., supra.* The theory upon which private ownership of a public utility, such as a water plant, can be justified is that said private owners shall supply to the city and its inhabitants fire protection, as well as wholesome water, which the ordinance and franchise in this case provides. Neither do we think appellee company was within its rights in refusing to furnish the service which was demanded by appellant in this case simply because it also furnished fire protection. The chief complaint seems to be that appellant was receiving fire protection too cheaply. The very purpose of its existence is that it shall furnish to the city as well as its inhabitants such service. The mere fact that there was no such fire apparatus in

existence at the time the ordinance was entered into does not in our judgment affect the case. The contract was accepted with full knowledge that improvements in fire apparatus for protection were occurring each day; that the ingenuity of man was taxed to protect the lives and property of inhabitants of populous cities. The ordinance was accepted with that knowledge. The mere fact that this apparatus enabled the owner to protect his property at a lessened cost in no sense justifies appellee in increasing the price at which it will furnish service which it has contracted to give. We do not think it was ever intended by the ordinance, at least it can not be gathered from reading it, that appellee was to be given arbitrary power to say that this case or that case was a special service, for which it might charge a different and greater price. The fact that they had entered into a special contract prior thereto, for such service, is not evidence that such authority was recognized, but is rather evidence of a disposition to adjust matters amicably. The fact that appellee has executed special contracts with other manufacturing establishments and business enterprises in the city, which were entitled to protection under the ordinance, is no argument that they were authorized under the law to do so. As stated above, we think the ordinance clearly contemplated that the water connection should be made upon the terms indicated in the ordinance. The mere fact that incidentally fire protection is also furnished can not be offered as an excuse for charging another or greater price for such service. The fact that only a small quantity of water is used except in case of fire we think is not an argument to sustain appellee's position. No water is used from fire hy-

drants in the city except in case of fire, and we venture to say there are very many fire hydrants in the city of Terre Haute which have never been used. These are matters of common knowledge to which the court can not shut its eyes. A public service corporation has only such rights as its franchise defines. *Western Paving, etc., Co.* v. *Citizens St. R. Co.* (1891), 128 Ind. 525, 530, 26 N. E. 188, 28 N. E. 88, 10 L. R. A. 770, 25 Am. St. 462.

Numerous questions are ably presented upon the admission of and refusal to admit evidence, also as to the rulings of the court upon demurrers to the pleadings, and as to the special findings of fact and conclusions of law stated thereon, which, in view of the conclusion we have reached, need not be discussed. The court erred in stating its conclusions of law. The ends of justice will be subserved by granting a new trial, directing further proceedings not inconsistent with this opinion. Judgment reversed.

NOTE.—Reported in 110 N. E. 85. Liability of water companies for nonperformance of contract with municipality, 18 Am. St. 380. Rights and duties of water companies as to payment for meter as a condition to supplying water, 15 Ann. Cas. 378; Ann. Cas. 1915C 1198. See, also, under (1) 3 C. J. 361; 2 Cyc 534; (2) 40 Cyc 774, 791; (3) 22 Cyc 781; (4) 40 Cyc 795, 803.