## Miller v. Gates et al.

[No. 9,181. Filed May 17, 1916.]

1. NUISANCE.—*Action to Enjoin.*—*Complaint.*—*Sufficiency.*—In view of §343a Burns 1914, Acts 1913 p. 850, providing that where the sufficiency of a pleading is called in question all recitals, statements and conclusions shall be treated as allegations of fact, and §291 Burns 1914, §289 R. S. 1881, providing that whatever is injurious to health or indecent or offensive to the senses, or an obstruction to the free use of property so as to essentially interfere with the comfortable enjoyment of life or property, is an actionable nuisance, and other provisions for the enjoining or abating of nuisances, a complaint alleging that plaintiff was the owner of a dwelling house; that defendant, the owner of an adjoining lot, operated a sawmill thereon, thereby creating a nuisance; that quantities of logs were being continuously hauled to the sawmill; that mud was splashed on plaintiff's residence; that vulgar language was used in the hearing of plaintiff's family; that employes of the sawmill habitually gazed into plaintiff's residence, using vulgar and disgusting language; that smoke, soot and odors were wafted from the sawmill into plaintiff's residence; that noises lessened plaintiff's enjoyment of his residence; that plaintiff and his family were prevented from peaceably enjoying their home; and that the value of the property was greatly depreciated, was sufficient to state a cause of action for injunctive relief. p. 38.

2. APPEAL.—*Review.*—*Moot Question.*—Where an injunction was sought, but pending an appeal from a judgment for defendant the acts complained of had ceased, the question of whether the injunction should be granted became a moot question, not to be further considered. p. 41.

3. NUISANCE.—*Action for Injunction and Damages.*—*Appeal.*— *Moot Question.*—*Disposition of Cause.*—Where plaintiff sued to enjoin the operation of a sawmill as constituting a nuisance and also sought the recovery of damages on account of injury to his property, the fact that pending an appeal from the judgment for defendant the acts sought to be enjoined had ceased, thus rendering the question of whether an injunction should be granted a moot one, did not necessitate a dismissal of the appeal or preclude plaintiff from a consideration of his right to damages, in view of the statutory provisions abolishing distinctions between actions at law and suits in equity, and authorizing the granting of legal or equitable relief, or both, in one and the same suit. p. 42.

From Montgomery Circuit Court; *Jere West,* Judge.

Action by Clay Augustus Miller against Omer Gates and another. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*Robert W. Marks* and *Ira Clouser,* for appellant. *Clyde H. Jones,* for appellee.

CALDWELL, J.—Judgment was rendered against appellant for failure to plead over, on the sustaining of a demurrer to his complaint. Error is assigned on the ruling on the demurrer. The following facts appear from the complaint: At the time of the grievances complained of and for a number of years prior thereto, appellant was the owner of a dwelling property situate in a populous residence district in the town of Ladoga, in which he was living with his family. Appellee Gates was the owner of an adjoining lot on which he and his coappellee Davis, in October, 1912, located and proceeded and continued to operate an ordinary swamp sawmill, and thereby created and continued a nuisance; that they were

continuously hauling to said lot large quantities
of sawlogs, and that in unloading them they
splashed mud on appellant's house and the win-
dows therein; that the men employed by them in
hauling the logs and in operating the mill con-
tinually used coarse and vulgar language in the
hearing of appellant's family; that such men while
engaged as aforesaid habitually gazed into appel-
lant's residence, and while so doing used vulgar
and disgusting language; that soft coal is used in
the operation of the mill, thereby creating a dense,
black smoke, which together with dust, soot, dirt
and odors, drifts therefrom into appellant's resi-
dence, and that the contents thereof are continually
covered therewith; that appellant has spent a
great deal of time and money in an effort to keep his
property hygienic and inhabitable, but is unable to
do so for reasons aforesaid; that the odor from
appellee's premises is noxious and at times sicken-
ing to appellant and his family and injurious to
their health; that the constant noise emitted from
the mill is injuring the hearing and health of
appellant's family; that the constant operation of
the mill in such close proximity to appellant's
home is dangerous to the health of appellant and
his family, and that they are prevented thereby from
peaceably enjoying the quiet and comfort of their
home; that prior to the grievances complained of,
appellant's property was of the value of $3,500,
but by reason of such grievances and the constant
danger from fire caused by the proximity of the
mill, said property has become unhabitable and
has depreciated in value $1,500, and the rental
value of said property has been greatly lessened;
that there are other locations conveniently near to
which, with small expense, appellee can remove
the mill, and there operate it without inconven-

ience to appellant; that it is appellees' purpose to continue to operate the mill as aforesaid, and that thereby appellant is suffering and will suffer a continuing injury which cannot· be compensated in damages. The prayer asks for an injuction, and for damages already sustained.

Appellees urge the insufficiency of the complaint as a basis for injunctive relief, on the ground that the material elements of what might otherwise be a cause of action, if sufficiently pleaded, appear only by way of recital or conclusion. As the action was commenced in September, 1913, the sufficiency of the complaint must be determined in the light of §343a Burns 1914, Acts 1913 p. 850, to the effect that in all pleadings, where the sufficiency of the same is called in question, all recitals therein and all statements contained in any participial expression shall be held to be allegations of fact, whenever necessary to the sufficiency thereof, and that except as against a motion to make more specific, all conclusions stated therein shall be held to be the allegations of all facts required to sustain such conclusions when the same are necessary to the sufficiency of the pleading. Proceeding to determine the sufficiency of the complaint, it is provided by statute that whatever is injurious to health or indecent or offensive to the senses, or an obstruction to the free use of property so as to essentially interfere with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action. §291 Burns 1914, §289 R. S. 1881. There are other provisions that where a proper case is made, the nuisance may be enjoined or abated, and damages recovered therefor, and that the action may be brought by any person whose property is injuriously affected or whose personal enjoyment is lessened by the nuisance.

§§292, 293 Burns 1914, §§290, 291 R. S. 1881. It does not now concern us whether, had appellant been put to proof, he would have been able to make such a case as would have entitled him to injunctive relief. We are dealing here with a question of pleading, rather than evidence. Construing recitals and conclusions contained in the complaint, as we are required to do by the terms of §343a Burns 1914, *supra*, it is our judgment that the complaint states a cause of action for injunctive relief, and that the court erred in sustaining a demurrer thereto. See the following, some of which indicate also the measure of proof necessary to sustain such a cause of action: *Foor* v. *Edwards* (1910), 45 Ind. App. 259, 90 N. E. 785; *Haggart* v. *Stehlin* (1893), 137 Ind. 43, 35 N. E. 997, 22 L. R. A. 577; *Kaufman* v. *Stein* (1894), 138 Ind. 49, 37 N. E. 333, 46 Am. St. 368; *Owen* v. *Phillips* (1881), 73 Ind. 284; *Radican* v. *Buckley* (1894), 138 Ind. 582, 38 N. E. 53; *Reichert* v. *Geers* (1884), 98 Ind. 73, 49 Am. Rep. 736; *Clendenin* v. *Pickett* (1912), 51 Ind. App. 283, 99 N. E. 530; *Rogers* v. *John Weeks Lumber Co.* (1903), 117 Wis. 5, 93 N. W. 821; 29 Cyc 1167, 1173, 1184, 1185; *Bohn* v. *Port Jervis Gas Light Co.* (1890), 9 L. R. A. 711, note.

Having reached such conclusion, it becomes necessary for us to consider another phase of the case: It appears from certain affidavits and 2. counter affidavits filed in this court *pro* and *con* on appellee's motion to dismiss the appeal, that, after the perfecting of the appeal, Gates sold the property on which the sawmill was located to Mitchell, and that, under a right reserved, he afterwards removed from the premises the mill and its appurtenances; that Mitchell having thereafter sold the lot to appellant's wife, Gates, by direction of Mitchell conveyed the lot to appel-

lant's wife, and that the lot is now in the possession of appellant as agent for his wife, and that it is being used for purposes other than the operation of a sawmill. On such facts, appellees moved the dismissal of the appeal. When such motion was presented to this court, action thereon was postponed until final hearing. We are now required to dispose of it. By the occurrence of the events set forth in such affidavits, the injunctive phases of this appeal become moot, and should not, therefore, be further considered by this court or the trial court. *Princeton Coal, etc., Co.* v. *Gilmore* (1908), 170 Ind. 366, 83 N. E. 500; *Dunn* v. *State* (1904), 163 Ind. 317, 71 N. E. 890; *Crawfordsville Trust Co.* v. *Ramsey* (1913), 55 Ind. App. 40, 100 N. E. 1049, 102 N. E. 282.

The complaint in its main features proceeds to the end that equitable relief may be granted, and it is, therefore, an appeal to equitable 3. jurisdiction. There are, however, allegations to the effect that appellant's property has been damaged, and as incidental relief he prayed judgment in damages. The latter feature of the complaint being merely an incident, the question presents itself whether the matter of damages also becomes moot by reason of such fate overtaking the main question involved. By reason of the fact that an award of damages in an equitable action is an incident to the establishing of equitable rights, or to the granting of equitable relief, it is held in a number of jurisdictions, not uniformly, however, that where in a suit in equity the equitable relief sought is denied or for any reason fails, the court may not in such action award complainant damages although prayed for; that as to damages suffered by reason of the alleged wrong against which equitable relief is sought there is a remedy at law.

*Bannse* v. *Northern Pac. R. Co.* (1913), 205 Fed. 328; *Peats Co.* v. *Bradley* (1915), 166 App. Div. 267, 151 N. Y. Sup. 602; *Tennessee, etc., R. Co.* v. *Paint Rock, etc., Transp. Co.* (1913), 128 Tenn. 277, 160 S. W. 522; *McMillan* v. *Wylie* (1903), 45 Fla. 487, 33 South. 993; *Bromberg* v. *Eugenotto Constr. Co.* (1908), 158 Ala. 323, 48 South. 60, 19 L. R. A. (N. S.) 1175. As to the rule in certain code states, see 16 Cyc 113 and note citing cases, and closing with language to the effect that where the complaint states facts sufficient to ground a recovery at law, such recovery may be had although the equity fails.

In 1881, the legislature of this State, by an enactment preserving the spirit of a prior act, provided that there should be no distinction in pleading and practice between actions at law and suits in equity, and that there should be but one form of action, denominated a civil action for the enforcement or protection of private rights and the redress of private wrongs. §249 R. S. 1881, §249 Burns 1908. That statute was enacted to the end that a complaining party might be awarded such relief as the facts stated in his complaint, if proven, entitles him to. 1 Work's Practice §177. Said statute was amended in 1911, by the addition thereto of the following: "All courts which are vested with jurisdiction both in law and equity may, to the full extent of their repective jurisdictions, administer legal and equitable remedies, in favor of either party in one and the same suit, so that the legal and equitable rights of the parties may be enforced and protected in one action." §249 Burns 1914, Acts 1911 p. 415. In harmony with the spirit of the code as revealed by the foregoing statute and amendment, it is held that in an action prosecuted primarily for an injunc-

tion, where the complaint although insufficient to that end, states facts sufficient to entitle the plaintiff to a judgment in damages, and that relief also is prayed for, it will withstand a demurrer for want of facts. See the following: *Xenia Real Estate Co.* v. *Macey* (1897), 147 Ind. 568, 47 N. E. 147; *Sahm* v. *State, ex rel.* (1909), 172 Ind. 237, 88 N. E. 257; *Owens* v. *Lewis* (1874), 46 Ind. 488, 15 Am. Rep. 295; *Bonnell* v. *Allen* (1876), 53 Ind. 130; *Decker* v. *Yohe* (1913), 179 Ind. 243, 100 N. E. 756; *Knickerbocker Ice Co.* v. *Surprise* (1913), 53 Ind. App. 286, 97 N. E. 357, 99 N. E. 58; *Culbertson* v. *Munson* (1886), 104 Ind. 451, 4 N. E. 57. It follows that if, on a trial of such an action, the evidence fails to establish plaintiff's right to equitable relief, but does entitle him to damages, judgment should be rendered accordingly. §249 Burns 1908, *supra.* *Sahm* v. *State, ex rel., supra.* The complaint here not only states a cause of action for equitable relief, but also, under the liberal rules of pleading now in vogue, is sufficient as a foundation for a judgment in damages, based upon a permanent injury to appellant's real estate. For this additional reason, the demurrer should have been overruled. The complaint falls short of stating a cause of action on the theory of depreciation in rental value or value of the use of such real estate. As to whether on a trial, if had, the evidence would disclose such a permanent injury or any injury to the real estate does not now concern us. See cases collected in 3 Burns, Indiana Digest 635.

If follows that, under the facts contained in said affidavits, only the equitable question involved rather than the entire case has become moot. The motion to dismiss is therefore overruled, and the judgment reversed, with instructions to overrule the demurrer to the complaint, and for

NOVEMBER TERM, 1915.　45

Paxton-Eckman Chem. Co. *v.* Mundell—62 Ind. App. 45.

further proceedings not inconsistent with this opinion, and with permission to reform the pleadings if desired.

NOTE.—Reported in 112 N. E. 538.　Business and machinery that may be enjoined as nuisances, 51 Am. Rep. 467.