## WIEBKE ET AL. v. CITY OF FORT WAYNE ET AL.

[No. 9,778. Filed March 8, 1917.]

1. APPEAL.—*Jurisdiction.*—*Moot Questions.*—*Dismissal.*—Where, on an appeal from a judgment denying appellants an injunction to prevent the performance of a contract for street improvements, it appears that the contract has been completed without the violation of any order of the court, and that the assessments have been paid by appellants, and no question is involved in the appeal other than the right to the injunction, the question so presented will be held to be a moot question and the appeal will be dismissed. p. 40.

2. APPEAL.—*Jurisdiction.*—*Moot Questions.*—*Costs.*—Where the question presented on an appeal has become moot, the appellate court will not retain jurisdiction to determine an incidental question of costs. p. 40.

From Dekalb Circuit Court; *Dan M. Link*, Judge.

Action by Fred Wiebke and others against the city of

Fort Wayne and others.    From a judgment for defendants, the plaintiffs appeal. ⸱ *Appeal dismissed.*

*Harper & Fuelber,* for appellants.
⸱ *Colerick & Hogan* and *Leonard, Rose & Zollars,* for appellees.

FELT, C. J.—The appellants, Fred D. Wiebke, Louise D. Wiebke, Emma C. Wiebke, William H. Wiebke and Sarah C. Wiebke, brought suit against the appellees, city of Fort Wayne, David N. Foster, Abe Ackerman, Louis Dorn and Louis Fox, members of the board of park commissioners of the city of Fort Wayne, the board of park commissioners of the city of Fort Wayne and the Grace Construction and Supply Company, to enjoin said appellees from performing a certain contract for the improvement of a boulevard in said city, known as Rudisill boulevard, by constructing a combined concrete curb and gutter and grading and paving the roadway with macadam.    Issues were formed on the complaint, the cause was tried by the court, and a special finding of facts was made on which the court stated its conclusions of law that appellants were not entitled to the injunction for which they prayed and that appellees should recover costs.    The errors assigned question the correctness of the conclusions of law.    Appellees have moved to dismiss the appeal on the ground that the errors assigned have become moot questions.

The verified motion shows that appellees Foster, Ackerman, Dorn and Fox were members of the board of park commissioners of the city of Fort Wayne and that such commissioners had let a contract to appellee, Grace Construction and Supply Company, for the improvement above mentioned, and that appellants' property was liable to assessment therefor; that appellants alleged and sought to show that such contract was il-

legal, and the sole relief sought was an injunction to prevent the execution of the contract for the aforesaid improvement; that no temporary restraining order was at any time issued against appellees by any court; that after the rendition of judgment by the lower court in favor of appellees on the conclusions of law aforesaid, said construction company performed all the work covered by its said contract and fully completed the same on October 23, 1916, and all the work was completed before the transcript in this case was filed in this court; that the property of appellants described in their amended complaint was duly assessed for said improvement in the sum of $7,850.05, and since the filing of the transcript in this appeal, appellants—on January 31, 1917—voluntarily paid said assessment in full to the treasurer of said city; that by reason of the foregoing facts, the errors assigned and sought to be presented by this appeal have become and are now moot questions; that there is no longer any substantial legal controversy between appellants and appellees; that in no event could any relief be granted appellants on their complaint in this case; that the contract has been fully performed and an injunction, if granted, could not be enforced, for there is no longer anything to restrain or enjoin.   The facts presented by the verified motion are not controverted, but the record shows the transcript was filed on October 12, 1916.

When, on appeal from a judgment, it appears that the act sought to be enjoined has been fully consummated without the violation of any order of the court, and no other question is involved in the appeal other than the right to such injunction, the question so presented will be held to be a moot question and the appeal will be dismissed.   In such instance jurisdiction will not be retained to determine an incidental question of costs. *Modlin*

v. *Board, etc.* (1913), 55 Ind. App. 239, 241, 103 N. E. 506, and cases cited; *Wallace* v. *City of Indianapolis* (1872), 40 Ind. 287; *Watkins* v. *Forkner* (1911), 50 Ind. App. 35, 97 N. E. 1020; *Terre Haute Paper Co.* v. *Terre Haute Water Works* (1916), 62 Ind. App. 263, 110 N. E. 85, 87; *Dunn* v. *State, ex rel.* (1904), 163 Ind. 317, 321, 71 N. E. 890; *Miller* v. *Gates* (1915), 62 Ind. App. 37, 112 N. E. 538, 540.

The appeal is dismissed at the costs of appellants.

Note.—Reported in 115 N. E. 355. See under (1, 2) 4 C. J. 575; 3 Cyc 188.