FILED

Mar 25 2020, 10:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT

Michael L. Carmin
Daniel M. Cyr
CarminParker, PC
Bloomington, Indiana

ATTORNEYS FOR APPELLEE

Lonnie D. Johnson
Belinda R. Johnson-Hurtado
Stephanie A. Halsted
Clendening, Johnson &
Bohrer, P.C.
Bloomington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

KMC, LLC,

*Appellant-Defendant / Third-Party Plaintiff,*

v.

Eastern Heights Utilities, Inc.,

*Appellee-Third-Party Defendant*

March 25, 2020

Court of Appeals Case No.
19A-CC-2665

Appeal from the Greene
Superior Court

The Honorable Dena A. Martin,
Judge

Trial Court Cause No.
28D01-1806-CC-196

**Baker, Judge.**

[1]     KMC, LLC (KMC), owns a building that was damaged by flooding after water pipes leading to a sprinkler system froze and then burst. KMC filed a negligence complaint against Eastern Heights Utilities, Inc. (Eastern Heights), arguing that Eastern Heights was negligent for failing to shut off the water supply to the building when requested by KMC. The trial court entered summary judgment in favor of Eastern Heights. Finding as a matter of law that Eastern Heights did not have a duty to shut off the water supply to the fire suppression system because it was prohibited by law from doing so, we affirm.

## Facts

[2]     KMC is a real estate holding company that owns a building (the Building) located on North Main Street in Bloomfield. Eastern Heights is a private, nonprofit utility company providing water services to Bloomfield and the surrounding areas; it provides water services to the Building.

[3]     In 2006, KMC learned that it was required by statute to put a fire suppression sprinkler system into the Building. After the system was installed, Eastern Heights provided the water supply to the fire suppression system. The main water valve, which provides general water service to the Building, is in the Building's basement. There are separate water valves, located outside the Building, that are connected to the fire suppression system and dedicated to that purpose.

[4]     In 2017, KMC decided to winterize the Building because it was vacant. Among other things, it decided to disconnect the Building's heating system. Therefore,

on November 2, 2017, KMC requested that Eastern Heights shut off the water supply to the Building to avoid frozen pipes during the winter. Eastern Heights visited the property the same day and turned off the main water valve in the basement. KMC did not specifically request that Eastern Heights disconnect the water supply to the fire suppression system; therefore, Eastern Heights did not shut off the separate valves located outside.

[5] Subsequently, cold weather conditions caused pipes connected to the Building's fire suppression systems to freeze. On January 9, 2018, upon thawing, the pipes burst, causing extensive flood damage. KMC hired Five Star Complete Restoration, Inc. (Five Star), to repair the flood damage. After completing its work, Five Star billed KMC over $300,000 for the extensive repairs needed. KMC failed to remit payment to Five Star.

[6] On June 25, 2018, Five Star filed a lawsuit against KMC for the money it alleged was owed by KMC for the flood damage repairs. On September 7, 2018, KMC filed a third-party complaint against Eastern Heights and KMC's property insurer. In relevant part, the third-party complaint alleges that Eastern Heights was negligent for failing to turn off the fire suppression system's water supply and that its negligence proximately caused the flood damage.

[7] On March 8, 2019, KMC filed a motion for partial summary judgment against Eastern Heights, asking that the trial court find as a matter of law that Eastern Heights was negligent for failing to shut off the water supply to the Building's fire suppression system. On May 6, 2019, Eastern Heights filed a cross-motion

for summary judgment against KMC, asking that the trial court find as a matter of law that Eastern Heights was not negligent because (1) Eastern Heights had no duty regarding the fire suppression system; (2) Eastern Heights's actions did not proximately cause the damage; and (3) Eastern Heights is entitled to common law governmental immunity from liability for its fire protection services. Following briefing and a hearing, the trial court summarily entered summary judgment in favor of Eastern Heights on June 28, 2019. KMC now appeals.

## Discussion and Decision

[8] KMC argues that the trial court erred by entering summary judgment in favor of Eastern Heights, contending that we should enter summary judgment in its favor or, in the alternative, that there are issues of material fact that must be considered by a factfinder.

[9] Our standard of review on summary judgment is well settled:

> The party moving for summary judgment has the burden of making a prima facie showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Reed v. Reid*, 980 N.E.2d 277, 285 (Ind. 2012). Once these two requirements are met by the moving party, the burden then shifts to the non-moving party to show the existence of a genuine issue by setting forth specifically designated facts. *Id.* Any doubt as to any facts or inferences to be drawn therefrom must be resolved in favor of the non-moving party. *Id.* Summary judgment should be granted only if the evidence sanctioned by Indiana Trial Rule 56(C) shows there is no genuine issue of material fact and that the moving party

deserves judgment as a matter of law. *Freidline v. Shelby Ins. Co.*, 774 N.E.2d 37, 39 (Ind. 2002).

*Goodwin v. Yeakle's Sports Bar & Grill, Inc.*, 62 N.E.3d 384, 386 (Ind. 2016).

[10] To prevail on a theory of negligence, KMC must show that (1) Eastern Heights owed it a duty; (2) Eastern Heights breached that duty; and (3) KMC's damages were proximately caused by that breach. *E.g.*, *Winchell v. Guy*, 857 N.E.2d 1024, 1026 (Ind. Ct. App. 2006). Negligence cases tend to be fact sensitive and, as such, summary judgment is rarely appropriate. *Id.* at 1026-27. Nonetheless, summary judgment is appropriate when the undisputed material evidence negates one element of a negligence claim. *Id.* at 1027.

[11] We find the first element—duty—to be dispositive in this case. A duty of care is created in one of three ways—by statute, at common law, or by assuming the duty. *Holtz v. J.J.B. Hillard W.L. Lyons, Inc.*, 185 F.3d 732, 740 (7th Cir. 1999) (applying Indiana law). Generally, whether a duty exists is a question of law. *Buckingham Mgmt. LLC v. Tri-Esco, Inc.*, 137 N.E.3d 285, 289 (Ind. Ct. App. 2019).

[12] We agree with KMC that "[w]ater utilities owe a duty of care to their customers." Appellant's Br. p. 11 (citing *Pa. R. Co. v. Lincoln Tr. Co.*, 91 Ind. App. 28, 167 N.E. 721, 724 (1929)). But the same case cited by KMC for that proposition emphasizes that the duty of the utility is to "furnish[] a supply adequate in quantity and wholesome in quality" to the public and that "there is no duty on the part of a public utility . . . to inspect the devices, apparatus, or

fixtures of a responsible patron on the patron's property, located at a point beyond the meter, which is the point of delivery of the utility." *Pa. R. Co.*, 167 N.E. at 724. Therefore, Eastern Heights has a duty to supply enough water of good quality to the public. *See also Terre Haute Paper Co. v. Terre Haute Waterworks Co.*, 62 Ind. App. 263, 110 N.E. 85, 88 (1915) (holding that water companies have a duty to furnish a water supply "equal to all emergencies," including fire protection) (internal quotation marks omitted).

[13] KMC tries to broaden Eastern Heights's duty, arguing that it was obligated to shut off *all* water, including the water supplying the fire suppression system, to the Building.[1] We cannot agree. Initially, we note that there is no evidence in the record that KMC explicitly asked that the sprinkler system water be shut off, nor did KMC ask the Eastern Heights employee to shut off the valves outside of the Building (which supply the water to the fire suppression system) as well as the valve in the Basement (which provides the general water supply to the Building). Eastern Heights is not required to read the mind of its customer.

[14] Furthermore, we note that there are strict statutory requirements governing when, and under what circumstances, a fire suppression system may be shut off.[2] Specifically, KMC is required to notify the Division of Fire and Building

---

[1] While KMC insists that "Eastern Heights had a legal duty to shut off water service to the building as KMC requested," appellant's br. p. 16, it offers no legal citation to authority supporting that proposition.

[2] These specific requirements lend extra weight to KMC's obligation to make an explicit request of Eastern Heights that the water supply to the fire suppression system be shut off.

Safety, the fire department, and the alarm receiving facility "before . . . shutting down a system or its supply." 675 I.A.C. 28-1-12 (adopting by reference the National Fire Protection Association (NFPA) Standard for the Inspection, Testing, and Maintenance of Water-Based Fire Protection Systems, which contains the quoted language). Moreover, "*[n]o person* shall remove or modify any fire protection system installed or maintained in accordance with the rules of the commission without notifying the servicing fire department prior to receiving approval from the building official" of the Indiana Fire Protection and Building Commission. 675 I.A.C. 13-2.6-10(a) (emphasis added). Additionally, the Indiana Fire Code states that it "shall be unlawful for any person to . . . disturb any . . . fire suppression system . . . except for the purpose of extinguishing fire, training purposes, or recharging or making necessary repairs." 675 I.A.C. 22-2.5-10 (adopting by reference the NFPA Standard described above, which contains the quoted language).

[15] In other words, Eastern Heights was *prohibited* from shutting off the water supply to the Building's fire suppression system without authorization from the above listed authorities. We certainly cannot conclude that it had a duty to take an action that was proscribed by law.

[16] Therefore, while Eastern Heights had a duty to supply enough water of good quality to the public, it did not have a duty to shut off the water supply to the Building's fire suppression system without authorization from the appropriate authorities. It likewise did not have a duty to shut off the water supply to the fire suppression system when KMC did not even make that explicit request.

Because we find as a matter of law that Eastern Heights did not have a duty to shut off the water supply to the fire suppression system, we necessarily also find that the trial court did not err by entering summary judgment in favor of Eastern Heights.

[17] The judgment of the trial court is affirmed.

Bradford, C.J., and Pyle, J., concur.