The Portland Natural Gas and Oil Company *v.* State, *ex rel.* Keen.

No. 16,293.

## THE PORTLAND NATURAL GAS AND OIL COMPANY *v.* STATE, EX REL. KEEN.

NATURAL GAS.—*Duty of Company to Furnish.*—*Precedent Conditions.*—*Mandamus.*—A natural gas company, occupying the streets of a town or city with its mains, owes it as a duty to furnish gas to those who own or occupy the houses abutting on such streets, where such owners or occupiers make the necessary arrangements to receive it, and comply with the reasonable regulations of such company, and if the company neglects and refuses to perform such duty, it may be compelled to do so by writ of mandamus.

From the Jay Circuit Court.

*J. W. Headington, J. F. La Follette* and *D. T. Taylor*, for appellant.

*A. G. Smith*, Attorney-General, and *J. M. Smith*, for appellee.

COFFEY, J.—This was an action by the appellee against the appellant, to compel the latter by *mandamus* to supply the residence of the relator with natural gas, to be used for lights and fuel.

It appears, from the complaint, that the appellant is a corporation, duly organized under the laws of this State, for the purpose, among others, of supplying to those within its reach natural gas, to be used for lights and fuel. By permission of the common council it has laid its pipes, for that purpose, in the streets and alleys of the city of Portland, in this State, and has pipes laid in Walnut street, of that city. The relator resides on Walnut street, on the line of one of the appellant's main pipes. His house is properly and safely plumbed for the purpose of obtaining natural gas.

In May, 1890, the relator demanded of the appellant gas service, and tendered to it the usual and proper

The Portland Natural Gas and Oil Company *v.* State, *ex rel.* Keen.

charges for such service, but it refused, by its officers, to furnish the gas demanded, whereupon this suit was brought to compel it to furnish the gas desired by the relator.

The court overruled a demurrer to the complaint. It also sustained a demurrer to the *second, third,* and *fourth* paragraphs of the answer filed by the appellant. Over a motion for a new trial, the court awarded a peremptory writ against the appellant, requiring it to furnish the relator with gas, as prayed in the complaint.

These several rulings are assigned as error.

Very many of the objections urged against the complaint go to the question of its uncertainty, and are technical in character. It has been so often decided that a demurrer is not the remedy for uncertainty that we need not cite authority upon the subject.

The vital question in the case relates to the right of the relator to compel the appellant, by *mandamus,* to supply his dwelling house with natural gas for lights and fuel.

There are cases which hold that in the absence of a contract, express or implied, and where the charter of the company contains no provision upon the subject, a gas company is under no more obligation to continue to supply its customers than the vendor of other merchandise, among which is the case of *Commonwealth* v. *Lowell Gas Light Co.,* 12 Allen, 75; but we think the better reason, as well as the weight of authority, is against this holding.

Mr. Beach, in his work on *private corporations,* volume 2, section 835, says: "Gas companies, being engaged in a business of a public character, are charged with the performance of public duties. Their use of the streets, whose fee is held by the municipal corporation in trust for the benefit of the public, has been likened to the ex-

ercise of the power of eminent domain. Accordingly, a gas company is bound to supply gas to premises with which its pipes are connected.''

Mr. Cook, in his work on Stock and Stockholders, section 674 (2d ed.), says: ''Gas companies, also, are somewhat public in their nature, and owe a duty to supply gas to all.''

To the same effect are the following adjudicated cases: *State* v. *Columbus Gas, etc.; Co.,* 34 Ohio St. 572; *New Orleans, etc., Co.* v. *Louisiana Light Co.,* 115 U. S. 650; *People, ex rel.,* v. *Manhattan, etc., Co.,* 45 Barb. 136; *Gibbs* v. *Consolidated Gas Co.,* 130 U. S. 396; *Williams* v. *Mutual Gas Co.,* 52 Mich. 499; *In re Rochester Natural Gas, etc., Co.* v. *Richardson,* 63 Barb. 437.

Our General Assembly, recognizing the fact that natural gas companies were, in a sense, public corporations, conferred upon them the right of eminent domain, by an act approved February 20, 1889, Acts 1889, p. 22.

It has often been held that *mandamus* is the proper proceeding by which to compel a gas company to furnish gas to those entitled to receive it. 8 Am. and Eng. Encyc. of Law, pages 1284–1289; *People* v. *Manhattan Gas Light Co., supra; Williams* v. *Mutual Gas Co., supra; Rochester Natural Gas, etc., Co.* v. *Richardson, supra.*

In view of these authorities, we are constrained to hold that a natural gas company, occupying the streets of a town or city with its mains, owes it as a duty to furnish those who own or occupy the houses abutting on such street, where such owners or occupiers make the necessary arrangements to receive it and comply with the reasonable regulations of such company, such gas as they may require, and that, where it refuses or neglects to perform such duty, it may be compelled to do so by writ of *mandamus.* As to the sufficiency of an answer averring

that the company had not a sufficient supply to furnish all those demanding gas, we intimate no opinion, as no such defense was interposed in this case.

It follows that the complaint in this case states a cause of action against the appellant, and that the court did not err in overruling the demurrer thereto.

The second paragraph of the answer avers that at the time of the demand for gas alleged in the complaint, the *relator* was being furnished with natural gas by the Citizens Natural Gas and Oil Mining Company, of Portland, Indiana, and that said company has ever since continued to furnish him with gas for fuel and lights, and is ready and willing to continue doing so, so long as he may pay for the same.

The third paragraph avers that the relator has no interest in the appellant, except what he may have and hold under the laws of the State in common with all other citizens of the city of Portland, as shown by the allegations in the complaint.

The fourth paragraph avers that the demand which the relator alleges he made on the appellant to furnish him natural gas is couched in general terms-merely, and is not express and distinct, and does not clearly designate the precise thing which is required, but is vague, indefinite, and uncertain, as shown by the facts alleged in the complaint.

It is contended by the appellant, in support of the second paragraph of its answer, that in view of the facts therein averred it could not comply with the demand of the relator without a violation of the provisions of an act of the General Assembly, approved March 9, 1891, Acts 1891, p. 381.

It would seem to be a sufficient answer to this contention to say that it does not appear, by any averment in this answer, that it was necessary to change, extend, or

alter any service or other pipe or attachment belonging to the Citizens' Natural Gas and Oil Mining Company, in order to supply the relator with the gas he demanded. For anything appearing from this answer, the gas required by the relator from the appellant could have been furnished without interfering with that company. But if it appeared otherwise, we would not be disposed to place a construction upon that act, which would give a gas company furnishing unsatisfactory service, or charging an unsatisfactory price for its service, the perpetual right to furnish gas to a particular building because it had been permitted to attach its appliances for the purpose of furnishing gas.

In our opinion, the court did not err in sustaining a demurrer to this answer.

The third paragraph of the answer was wholly insufficient to bar the relator's cause of action. It was not necessary that he should own an interest in the appellant, different from that held by other citizens of the city of Portland. It was sufficient that the appellant owed him a duty, in common with other citizens, to furnish him gas, which duty it had refused to perform.

The fourth paragraph of the answer states no issuable fact, and is clearly bad.

The evidence in the cause tends to support the finding of the circuit court, and we can not, for that reason, disturb the finding on the evidence.

There is no error in the record for which the judgment of the circuit court should be reversed.

Judgment affirmed.

Filed Sept. 26, 1893.