# HIRAM P. TASKER vs. THE COUNTY COMMISSIONERS OF GARRETT COUNTY.

### Contract by County Commissioners.

The Commissioners of Garrett County passed an order authorizing the plaintiff to compile abstracts of title of all the unassessed lands in the county for their use, and provided that upon the adoption of his report he should be allowed reasonable compensation. *Held,·*

1st. That the County Commissioners had the power to pass this order.

2nd. That the plaintiff was entitled to recover compensation for his work if his report was adopted, or if the commissioners received the report but fraudulently refused to adopt it.

Appeal from a judgment of the Circuit Court for Washington County sustaining a demurrer to the plaintiff's declaration. The action was instituted in the Circuit Court for Garrett County, and removed thence to the above-mentioned trial Court.

The cause was argued before BRYAN, McSHERRY, FOWLER, BRISCOE and ROBERTS, JJ.

*Ferdinand Williams* (with whom was *Benjamin A. Richmond* on the brief), for the appellant.

The County Commissioners are clothed with the power to assess omitted property, that is to say, property which was not assessed by the assessors or collectors ; they have, we claim, incidentally the power to appoint persons to assist them in that authorized duty. It will not do to say that the collector is the proper officer to assist the commissioners, because the work is to be done by reaaon of his own neglect or disability to do the work. If he had assessed all property there would be no " omitted property " to assess. The duty is imposed on the commissioners to do the work,

and we confidently believe they have the incidental power to employ persons to assist them where the nature of the work is such that assistance is absolutely necessary to its performance.

The powers of the commissioners to employ an agent for the very purpose set out in the *nar.* and in the very case on trial, was distinctly recognized and sanctioned by the Legislature by chap. 513, Acts 1890. This act, it is true, was declared unconstitutional by this Court in *Scharf* v. *Tasker*, 73 Md. 378, on the several grounds set out in the opinion of the Court, but not on the ground that the commissioners had no power to employ Tasker. There is nothing in the opinion of the Court to intimate that the commissioners had no such power. The commissioners have power to appoint " all other officers, agents and servants " required for county purposes in addition to those whose existence was provided for either by the Constitution or by Act of Assembly. In other words, it was intended to confide to the judgment and discretion of the commissioners of the several counties the *creation* of such appointments as might be deemed necessary for county purposes. *Commissioners, &c.*, v. *Nesbit*, 6 Md. 471.

*Edward H. Sincell* (with whom was *Thomas J. Peddicord* on the brief), for the appellee.

It will be contended by the defendant that the County Commissioners had no power to make such a contract, and that it is void.

The County Commissioners have power only to appoint judges of election, road supervisors, collectors of taxes, trustees of the poor, a clerk to their board, and all other officers, agents and servants, required for county purposes, not otherwise provided for by law or the constitution. *Art. 25, sec. 1, Public Gen. Laws.* By the terms of agreement upon which this suit is brought, the County Commissioners undertook to appoint an officer, agent or servant other than those named in said section of the Code. They have no

power to do this unless such appointee is required for county purposes, and such service has not already been provided for by law.

The acceptance of the report was left to the decision of the commissioners themselves, and their reasons for adopting or rejecting the report cannot be inquired into. *Brydon* v. *B. & O. R. R. Co.*, 65 Md. 225; *Brown* v. *Foster*, 113 Mass. 136; *Zaleski* v. *Clark*, 44 Conn. 218; *Gibson* v. *Cranage*, 39 Mich. 49; *McCarran* v. *McNulty*, 7 Gray 139; *Cline* v. *Libby*, 46 Wis. 123; *Wood Reaping and Mowing Machine Co.* v. *Smith*, 50 Mich. 565; *Aikens* v. *Barnstable Co.*, 97 Mass. 428. The plaintiff has clearly mistaken his remedy. He should have resorted to *mandamus* and asked the Court to compel adoption of his report by the County Commissioners.

FOWLER, J., delivered the opinion of the Court.

The question presented by this appeal is whether the Commissioners of Garrett County are liable to be sued upon the contract which is set out in the plaintiff's declaration. This contract is evidenced by an order passed by the defendants, by which it appears that the plaintiff was authorized and directed to trace up and compile a book of abstracts of title for the use of the County Commissioners' office, of all unassessed lands in said county. It was provided by this order that upon the adoption of the plaintiff's report he should be allowed a fair and reasonable compensation for his said work. The first count in the declaration was struck out on motion of the plaintiff, and the defendant demurred to the declaration as thus amended. The second count is based upon the theory that the plaintiff performed his part of the contract, and that although the defendants examined, ratified, approved and adopted his work and reports, they refused to compensate him therefor. The third count alleges that the defendants received and examined the work of the plaintiff, but fraudulently refused to adopt it.

It must be conceded, we think, that if the defendants, as

Commissioners of Garrett County, had power to make the contract, each count of the amended *narr.* sets out a good cause of action.   For while it is so well settled that it is unnecessary to cite authorities to sustain it, that municipal bodies like the defendants act with limited corporate authority, and persons dealing with them must be held to know the extent and limit of such corporate powers, yet not every act they may do, nor every officer they may appoint can be specifically designated in their charters.   And, therefore, our own Code, Art. 25, relating to County Commissioners, provides in section 1 that they shall have power to appoint agents, officers and servants required for county purposes, not otherwise provided by law or the Constitution.   And the whole question, therefore, is whether, first, it is the duty of the County Commissioness to assess for taxation unassessed lands, and secondly, whether any officer whom they are, either by law or the Constitution, specifically authorized to appoint could provide them with the information necessary to enable such assessment to be effectually and properly made.   That it is the duty of the commissioners to assess such lands is, of course, clear.   Code, Art. 81, section 10, provides " that in all cases where discoveries of assessable property are made by the collectors or the County Commissioners   *   *   *   either from the returns of clerks, registers or assessors or in any other way, the County Commissioners shall assess the same."   Instead of construing the conceded limited powers of the defendants so as to diminish their ability to employ agents to aid in subjecting the owners of all lands to taxation as required by the 15th Art. of the Bill of Rights, we should rather try to aid them in so difficult a task.   It is not probable that the owners of such unassessed lands will voluntarily give the information desired, nor do we think it can be supposed that either the collectors of taxes, the assessors or the commissioners themselves are competent to perform in a satisfactory manner the work which the plaintiff alleges he was employed to do.   That work was, in the language of the order already referred to,

" to trace up and compile a book of abstracts of titles of all unassessed lands." &c.    It is alleged in the declaration that the lands in question were vacant and in the possession of no one.    How then could they be subjected to taxation ?

The names of the owners and the extent of their respective holdings had to be ascertained before assessment could be properly and fairly made.    Indeed, the assessment could not be legally made at all until the names of the owners had been ascertained, for section 2 of Art. 81 of the Code requires all property to be valued to the owner thereof, and section 23 of the same article makes it the duty of the County Commissioners to make an accurate and fair account of all property of every sort within their county and the valuation thereof, and an alphabetical list of the *owners* thereof, &c.    The order contemplated searches of the Land Records of Garrett County, and the preparation of abstracts of titles.    Giving to this expression " abstracts of title " as used in said order its ordinary legal meaning, it would be the duty of the plaintiff under his alleged contract to ascertain the names of the owners " and to give an epitome or short statement of the successive title deeds or other evidences of ownership."

It follows from what we have said that the defendants had power to make the contract in question, and that the demurrer should have been overruled.

*Judgment reversed.*

(Decided December 5th, 1895.)