BAIR ET AL. *v.* MAYOR AND CITY COUNCIL
OF WESTMINSTER

[No. 446, September Term, 1965.]

*Decided July 20, 1966.*

The cause was argued before HAMMOND, HORNEY, MARBURY, BARNES and McWILLIAMS, JJ.

496

*Robert J. Cooke* for the appellants.

*Charles O. Fisher* and *Robert J. Martineau,* with whom was *D. Eugene Walsh* on the brief, for the appellee.

HORNEY, J., delivered the opinion of the Court.

When the demurrer of the City of Westminster to the amended declaration and petition for mandamus of Harvey B. Bair and Scott S. Bair, Jr., and their respective wives, seeking to compel the city to supply water to the tract of land they own outside the city limits, was sustained without leave to amend, the petitioners appealed. The only question for us to decide now is whether the court erred in deciding the case on demurrer.

The original petition for mandamus alleged in substance that the petitioners were the owners of land near the outskirts of Westminster; that they desired to use the land for residential development and to that end had requested the city to supply water service to the land; that the city is presently supplying water to a residence approximately one hundred and seventy-five feet from their land; and that the city arbitrarily, discriminatorily and without just cause or reason refused to supply the requested water. The demurrer of the city was sustained with leave to amend.

Within the time allowed, the petitioners filed an "amended declaration" in which, besides claiming mandamus as ancillary relief, they demanded $15,000 damages. In addition to repeating the allegations contained in the original petition for mandamus, the petitioners further alleged in substance that they are unable to use their land for residential development unless they can secure a supply of public water; that an agreement was entered into between themselves and the Maryland Water Works Company (subsequently purchased by the city) whereby the company agreed to extend its water mains to their property but that the city refused to honor the agreement even though the petitioners agreed to cooperate with the city in connection with the extension and installation of the water main; that in the operation of the water company the city is engaged in the business of supplying water both inside and outside its corporate

limits; and that the city has extended the water mains for other consumers outside the city but has refused to supply water to the property of the petitioners although it is within a reasonable distance of an existing water main maintained by the city. The demurrer of the city was again sustained, but this time the declaration and petition for mandamus was dismissed without leave to amend. We think the lower court erred in so doing.

While it has been held that a privately owned water company cannot be required to extend its system into an area it had not theretofore served when it is shown that it would be economically unsound for it to do so, *Public Service Commission v. Brooklyn and Curtis Bay Light & Water Co.*, 122 Md. 612, 90 Atl. 89 (1914), and that a municipality cannot be compelled to extend its water service to a newly annexed area until it is financially able to make the extension, *Schriver v. M. & C. C. of Cumberland*, 169 Md. 286, 181 Atl. 443 (1935), the rule in this State (regardless of what it may be elsewhere[1]) is that where a municipality has undertaken to supply water to an area outside its corporate limits, it must furnish water impartially to all those reasonably within reach of its supply system. See *Lewis v. M. & C. C. of Cumberland*, 189 Md. 58, 54 A. 2d 319 (1947); *Home Owners' Loan Corporation v. M. & C. C. of Baltimore*, 175 Md. 676, 3 A. 2d 747 (1939) and *Merryman v. M. & C. C. of Baltimore*, 153 Md. 419, 138 Atl. 324 (1927).

In *Merryman*, it was held that the agreement of the applicant to pay for making the connection and charges for the use of water and the acceptance of the application by the city created an implied contract to supply the water asked for within a reasonable time. In the *Home Owners' Loan Corporation* case, where the owner of property outside the city limits petitioned for a writ of mandamus to compel the city to restore the water service which had been discontinued, it was said (at p. 680 of 175 Md.):

---

1. See the annotation in 48 ALR 2d 1222 and the cases therein discussed, but also see City of Milwaukee v. P. S. C., 66 N. W. 2d 716 (Wis.).

"It is axiomatic that a public service corporation, private or municipal, is under a duty to furnish to all persons applying therefor the service which it offers without discrimination and at reasonable rates, where the service requested is within the reasonable range of its plant, equipment, lines or mains. * * * Where the service or utility is supplied by a municipality, it has been said that while the purpose must be public and the utility must be impressed with a public interest, nevertheless the municipality acts in its business or proprietary rather than its governmental character, * * *, and that is especially true where the service is supplied beyond the territorial limits of the municipality, * * *."

The above quotation was repeated verbatim in *Lewis* at pp. 65 and 66 of 189 Md.

Speaking generally, a municipality cannot be required to impose a burden on its utility facilities or on the city itself by providing services to persons who are outside of its corporate limits and beyond its taxing powers: to compel the extension of such facilities at a loss would violate the due process clause of the state and federal constitutions. 3 Yokley, *Municipal Corporations* § 500. Also see 12 McQuillan, *Municipal Corporations* § 34.89 (3d ed.). See also the annotation in 48 ALR 2d 1222, entitled "Right to compel municipality to extend its water system." Some of the earlier decisions in other jurisdictions went so far as to hold that when a municipality was authorized to own and operate a utility, the sanction to own and operate did not, in the absence of statute, grant the municipality power to furnish services beyond its corporate limits. The more recent decisions, however, hold that the general power to own and operate a utility includes the power of the municipality to serve consumers without, as well as within, its corporate limits. A municipality, therefore, may dispose of its surplus water (and other public utility services) outside its limits subject only to the prior right of its inhabitants in case of a shortage. Rhyne, *Municipal Law* § 13.9. And when a municipality undertakes to perform the duties of a public service company, it must, insofar as the services requested are reasonably within its range of

performance (as was held in *Home Owners' Loan Corporation* and *Lewis*, both *supra*), furnish its services to all applicants within the area supplied and cannot unjustly discriminate between the consumers therein. 12 McQuillan, *op. cit. supra* § 34.89. Furthermore, when a municipality takes over an existing public utility it must continue to furnish the service not only to consumers within the municipal limits but also furnish the service to consumers outside the municipality theretofore served by the public utility. See Rhyne, *op. cit. supra* § 13.9 and particularly the case of *Wisconsin Power & Light Co. v. Public Service Commission*, 286 N. W. 588 (Wis. 1939) therein cited by the writer as authority.

In the instant case, the lower court recognized the rule laid down in the *Home Owners' Loan Corporation* and *Lewis* cases in ruling on the second demurrer but held that :

> "Since there is no allegation in this case that a water main sufficient to take care of the plaintiffs' needs is 'within reasonable distance' of the plaintiffs' property, this court does not feel that the necessary right and duty has been established by the plaintiffs. We think that there must be a showing that the type of *service desired* is within 'reasonable range.' "

We do not agree with the conclusion reached by the lower court. Rather, we think the allegations contained in the amended declaration and petition for mandamus were sufficient. The size of the mains and even the amount of water available are facts which are important in determining whether or not the petitioners are within a reasonable distance of the mains or lines necessary to furnish them with water but the hearing on the demurrer was not the proper stage in the trial of this case for a determination of these facts.

Nor do we agree with the conclusion of the lower court that the city was not bound by the alleged contract between the petitioners and the Maryland Water Works Company regarding the extension of water service to their property because "there [was] no indication that [the] agreement was ever accepted by the [petitioners] or that it was ever signed." The petitioners alleged that the water works company "did promise and agree"

500

to extend its main to their property and having so alleged they should have been afforded an opportunity to prove that they had entered into a valid contract which was enforceable against the city.

The motion of the city to dismiss the appeal pursuant to Maryland Rule 835 is denied. The lower court, having sustained the demurrer to the amended declaration without leave to further amend, the petitioners had a right of appeal to this Court.

*Order reversed and case remanded for further proceedings; appellee to pay the costs.*