DELMARVA ENTERPRISES, INC., a Delaware corporation, et al., Petitioner-Complainants Below, Appellants,

v.

The MAYOR AND COUNCIL OF the CITY OF DOVER, and the City Manager of the City of Dover, to-wit: et al., Respondents-Defendants Below, Appellees.

Supreme Court of Delaware.

Sept. 13, 1971.

Reargument Denied Oct. 12, 1971.

John Behen Maybee, Dover, and John Geraghty, Arlington, Va., for appellants.

Nicholas Rodriguez, City Sol., Dover, for appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

This is an appeal from the denial by the Superior Court of a writ of mandamus to compel the City of Dover to furnish water and sewer services to Delmarva Enterprises, Inc.*, the owner of two lots adjacent to but outside the city limits. Some factual background is necessary to an understanding of the controversy.

The City of Dover is a municipal corporation furnishing sewer and water services to its residents and authorized by its charter to extend such services outside its city limits. In 1955 a new development was constructed south of Dover and not contained within the city limits. An agreement was entered into between the City and the builders to extend the City's water mains to the south to service the development. The mains were extended at the cost of the developers.

In 1957 a similar agreement was entered into by the City and the same developer

---

\* A corporation formed by the individual purchasers of the property involved in this dispute.

for two more developments located to the south of the first one. At the same time, approval of the City was obtained to extend the city sewer system, at the cost of the developers, to service the three developments. The City did and still does maintain and operate both these extensions to the water and sewer systems, both of which were transferred to the City by the developers.

From time to time, several lot owners outside the city limits along the lines were granted permission to tap into the lines and the tap fees were turned over by the City to the developers for reimbursement of their costs. In fact, one of Delmarva's lots, not then owned by Delmarva, during this period was permitted to tap into the water main.

Delmarva acquired its first lot in 1965 and its second lot in 1968, and in effect merged the two lots and intended to put them to a commercial use, and petitioned the City for water and sewer services for the enlarged parcel. This petition was denied by reason of a policy established in 1964 not to extend water and sewer services to properties not annexed to the City. Several attempts to have the Delmarva property annexed to the City were defeated by referendum.

As a result of all this, Delmarva was forced to install private water and sewer services for its property at much greater expense of installation and maintenance.

In May of 1969 the City and the County government entered into an agreement creating a buffer zone around and outside the city limits in which the County would not furnish either water or sewer services, and in which the City exclusively had the right to furnish such services. Delmarva's property is located in that buffer zone.

Section 25 of the City's charter authorizes the City to supply power and water to its residents, and "at its option" supply water and power to properties outside the city limits. Similarly, Section 26 of the City's charter authorizes it to extend sewer services outside the city limits "upon such terms, charges and conditions as it shall determine."

Based upon the two referred-to sections of the City's charter, the Superior Court concluded that the extension and operation of water and sewer facilities outside of the city limits were purely discretionary with the City Council. This being so, it was held that since the writ of mandamus will not issue to compel the performance of a discretionary act, the petition must be dismissed, citing 2 Woolley, Delaware Practice, §§ 1653 and 1655, and Annotation, 48 A.L.R.2d 1222. This appeal is taken from this ruling.

■ We think the decision of the court below over-simplifies this case. The starting point in the resolution of this dispute is that the City, in supplying water and sewer services, is acting in its proprietary capacity and, in so doing, is operating a public utility, and is therefore subject to regulation as such. In re Delaware Power & Light Co., 9 Terry 149, 99 A.2d 270 (Del.Super.1953); 12 McQuillen, Municipal Corporations (3rd Ed.) § 35.35 (revised 1970).

■ As a public utility, the City is subject to the same requirements of the law as a private utility. 56 Am.Jur.2d, Municipal Corporations, § 568. One of the prime requirements laid on a public utility is that in the operation of its existing facilities it shall not discriminate among customers, but shall make its facilities available to all alike. 26 Del.C. § 161; 43 Am.Jur., Public Utilities and Service, § 22; Portland Natural Gas & Oil Co. v. State ex rel. Keen, 135 Ind. 54, 34 N.E. 818 (1893); Yezioro v. North Fayette County Municipal Authority, 193 Pa.Super. 271, 164 A.2d 129 (1960); Bair v. Westminster, 243 Md. 494, 221 A.2d 643 (Ct. of App. 1966); Annotation, 50 A.L.R. 126.

Under the facts of this case, the water and sewer lines are in existence and taps have been permitted in the past. To refuse this request, therefore, is discriminatory against this appellant. The decision below must therefore be reversed.

The authorities relied on by the City are not on point in this case. Most of them are collected in an Annotation, 48 A.L.R. 2d 1222; they are cases seeking to compel the extension of a utility line, and not the prevention of a discriminatory refusal to permit tapping.

The judgment below is reversed and the cause will be remanded with instructions to issue the writ of mandamus.

## ON PETITION FOR REARGUMENT

The City has moved for reargument on the ground that our decision exceeded the scope of the decision below which was that the petition must be dismissed because the act sought of the City was discretionary, and thus not subject to a writ of mandamus. This, of course, is the fact, although the broader issues were fully argued before us by both sides. The City complains that our decision has precluded the holding of a hearing on the merits as to discrimination against the appellant, and as to whether or not a service zone was created by the City past Delmarva's property. Under the circumstances, we have concluded to deny the City's motion but to modify our direction to the trial court.

We will therefore reverse the ruling of the trial court that the act sought of the City was discretionary, and remand for further proceedings not inconsistent with our decision. We point out, however, that the agreement of May, 1969 between the City and the County conferring upon the City the exclusive right to furnish water and sewer service in the so-called buffer zone, to all intents and purposes has created a service zone when water and sewer lines are in existence.