**The MAYOR AND COUNCIL OF the CITY OF DOVER, and the City Manager of the City of Dover, To-Wit, et al., Appellants, Respondent-Defendants below,**

**v.**

**DELMARVA ENTERPRISES, INC., a Delaware corporation, et al. Appellees, Petitioner-Complainant below.**

Supreme Court of Delaware.

Jan. 24, 1973.

Nicholas H. Rodriguez, City Sol., Dover, for appellants.

Henry R. Horsey, of Morris, James, Hitchens & Williams, Dover, and John J. Geraghty, Arlington, Va., of counsel, for appellees.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

PER CURIAM:

The City of Dover seeks reversal of a writ of mandamus entered by the Superior Court ordering it to supply water and sewer services to Delmarva Enterprises, Inc. By a previous order upon a motion under our Rule 8(2), we limited argument to the question of whether or not the City discriminated against Delmarva by refusing to provide water and sewer services to Delmarva.

The pertinent facts have already been before this Court and are presented in our prior opinion, Delmarva Enterprises, Inc. v. Mayor and Council of Dover, Del.Supr., 282 A.2d 601 (1971). Subsequent to that opinion, the Superior Court, without a hearing, issued a writ of mandamus ordering the City to supply the water and sewer services to Delmarva.

■ The City argues that a hearing on the merits is necessary to determine the question of discrimination. The authorities relied on by the City, however, concern themselves with municipal law. It was the holding of this Court in the first appeal that the law of public utilities governs this case, not the law of municipal corporations. The City, acting as a public utility, is providing similar services to other non-city residents within the service zone it created, and its refusal to provide the same services to Delmarva is discriminatory as a matter of law. 282 A.2d 601 at 602.

The Court below was correct in finding no issue of material fact upon the question of discrimination.

The ruling below will be affirmed.