The LEVY COURT OF KENT COUNTY, a political subdivision of the State of Delaware, Plaintiff below, Appellant,

v.

The CITY OF DOVER, a Municipal Corporation of the State of Delaware, Defendant below, Appellee.

Supreme Court of Delaware.

Argued Dec. 11, 1974.

Decided Feb. 13, 1975.

N. Maxson Terry, Jr., Terry, Terry & Jackson, Dover, for plaintiff below, appellant.

Nicholas H. Rodriguez, Schmittinger & Rodriguez, Dover, for defendant below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

This appeal concerns the validity of a contract between the Levy Court of Kent County and the City of Dover relative to the furnishing of sewer and water facilities in certain areas of the County.

In 1969, the City and the County governments entered into an Agreement creating a. buffer zone around and outside of the Dover city limits. The buffer zone represents the recommended future growth limits of the City. In exchange for the City's promise to join the County Sewer System, the County recognized the City's recommended future growth limits, and agreed not to furnish sewer or water facilities to the County area within that zone, that matter "being left up to the annexation and furnishing of sewage and water facilities by the City of Dover or by other municipalities."*

The Levy Court petitioned the Court of Chancery for a declaratory judgment that the Agreement was void and unenforceable as being beyond the power of the Levy Court and contrary to public policy. The Court of Chancery declared the Agreement valid and enforceable subject to a reasonable time limitation. 325 A.2d 376. That decision was based on the conclusion that the furnishing of sewer and water services is a proprietary function and, thus, the County's agreement

"* * * to relinquish as to a limited geographic area its future capacity to supply proprietary services in return for

a valuable consideration plus the assurance that such sewers would be provided by another governmental entity, did not constitute an ultra vires act nor did it violate public policy *per se*." (325 A.2d at 381)

The County appeals that decision.

I.

We recognize, as do the parties, that the determinative issue in this case, and the pivotal point in the opinion below, is whether the County's agreement not to furnish sewer or water facilities to the buffer zone concerned a governmental or a proprietary function. Under general rules, if such agreement concerns a proprietary function it is valid so long as the terms and conditions are reasonable, see 4 Antieau, County Law § 31.07 (1966); but if a governmental function is involved, such agreement is invalid as being *ultra vires* and contrary to public policy.

We disagree with the Chancery Court's conclusion that the Agreement concerned proprietary services or activities and was, therefore, not *ultra vires* as an abrogation of a governmental function of the County. By the Agreement, the County surrendered to the City the decision-making power over sewer and water facilities in County territory. This is fatal to the validity of the Agreement. The decision as to whether sewer and water facilities are needed and should be provided for the people governed is a governmental act. Where the discretion of a governing body as to the performance of a governmental act is required, the right and duty to exercise that discretion is a governmental function which cannot be contracted away. See Plant Food Co. v. City of Charlotte, 214 N.C. 518, 199 S.E. 712 (1938).

The power conferred on the Levy Court by 9 Del.C. Chs. 45 and 46 to furnish

---

* For the full text of the Agreement see the opinion below. Levy Court of Kent County v. City of Dover, Del.Ch., 325 A.2d 376, f.n. at 378–379 (1974).

water and sewer services in the County includes the power and the duty to decide if and when those services are required in the public interest; it does not include the power to surrender to others the responsibility for making those decisions.

■ The City argues that the Levy Court had the power to enter into the Buffer Zone Agreement since the General Assembly authorized the Levy Court to plan, construct, operate and maintain water and sewer systems, 9 Del.C. § 4502; 9 Del.C. § 4611, and to "enter into and perform contracts with any * * * municipality" for those services, 9 Del.C. § 4502(6); 9 Del.C. § 4611(3). It is contended that necessarily implied is the authority to agree that certain areas of the County may be serviced by other governmental subdivisions or privately owned companies. In short, it is urged that if the County has the power to furnish sewer and water systems "it is obvious that it has the inherent power to contract away its responsibilities in this area." This argument is untenable.

■ Undoubtedly, the Levy Court has the authority to contract with a municipality for the furnishing of services it has decided the public interest requires in any given area of the County; but it does not follow that the Levy Court may transfer, surrender, or abrogate its responsibility in this area. The power and duty to decide whether to furnish sewer and water services, and to contract with others to furnish such services, does not include the power to abdicate responsibility for determining what is necessary and proper to be done for the general welfare of the people governed.

The City contends that "what we are talking about is a contract in the operation of the sewerage system"; that "the Buffer Zone Agreement is basically no different than a contract to furnish sewage services to a municipality or to a private corpora-

tion". We disagree. This is not a contract "in the operation of a sewerage system"; it is a contract binding the County not to furnish sewage or water facilities to a specified area of the County, and leaving the decision of whether and when those services will be provided "up to annexation and furnishing * * * by the City of Dover or other municipalities".

■ It is the duty of the governing body of the County to make decisions as to the improvement and development of the County and the health, safety, and general welfare of its inhabitants. See Simon v. Town of Seaford, Del.Supr., 22 Del.Ch. 417, 197 A. 681 (1938). The Levy Court of Kent County may not divest itself of that governmental duty by contracting it away to the City of Dover.

Accordingly, we hold that the 1969 Buffer Zone Agreement was *ultra vires* and void, and that the County is not estopped from asserting its invalidity. Barr v. City Council of Augusta, 206 Ga. 750, 58 S.E.2d 820 (1950).

The City and the Court below rely on the statement in Delmarva Enterprises, Inc. v. Mayor and Council of City of Dover, Del.Supr., 282 A.2d 601 (1971), "that the City, in supplying water and sewer services, is acting in its proprietary capacity, and in so doing, is operating a public utility, and is therefore subject to regulation as such." 282 A.2d at 602. That statement must be read in light of the fact that, in *Delmarva,* the properties to be serviced by the City's facilities were outside the City limits. Accordingly, the function there was termed proprietary. Here, the area to be serviced is governed by the County. Thus, *Delmarva* is inapposite.

The City also relies on City of Walla Walla v. Walla Walla Water Co., 172 U.S. 1, 19 S.Ct. 77, 43 L.Ed. 341 (1898) and Vicksburg v. Vicksburg Waterworks Company, 202 U.S. 453, 26 S.Ct. 660, 50 L.Ed.

1102 (1906) to support its contention that the Buffer Zone Agreement is not void as a surrender by the Levy Court of governmental powers. The Chancery Court also found those cases persuasive. The reliance is misplaced. Those cases concerned the validity of contracts between cities and their respective water companies providing that the companies would supply water to the cities and that the cities would not construct or operate waterworks in competition with the companies. The pertinent issue for our purposes was whether the cities had the power to exclude themselves from competition. The fundamental and distinguishing differences between the contracts in *Walla Walla* and *Vicksburg* and the contract in the instant case are clear. Those cases are unpersuasive.

Those authorities relied on by the City dealing with territorial service agreements, see Annot., 70 A.L.R.2d 1326 (1960), and the actual construction, operation and joint use of sewer or water facilities, see, e. g., City of Bremerton v. Kitsap County Sewer District, 71 Wash.2d 689, 430 P.2d 956 (1967), are not on point.

## II.

Our conclusion based upon the law of *ultra vires* is supported by considerations of public policy and fairness. Under the Agreement, the County inhabitants of those areas of the buffer zone which have not been annexed to the City of Dover have no alternative, as a practical matter, but to await the pleasure of the City in regard to sewer and water facilities. Realistically, they have a choice of voting for annexation or going without services, because the record shows that the City will not furnish sewer and water facilities to any area which has not been annexed. To allow the City of Dover to make annexation the price which must be paid by County residents for sewer and water services makes a sham of the required annexation election. See 22 Del. C. § 101. Voters in unannexed sections of the buffer zone may not be subjected to

leverage of this nature, absent express statutory authorization. Cf. Doan v. City of Fort Wayne, 253 Ind. 131, 252 N.E.2d 415 (1969). Because the Agreement permits the exercise of such leverage to force annexation, however repugnant to the voter, it is against public policy and void.

\*   \*   \*   \*   \*   \*

Reversed.