AMERICAN STRUCTURES, INC. *v.* MAYOR AND CITY COUNCIL OF BALTIMORE ET AL.

[No. 14, September Term, 1976.]

*Decided October 7, 1976.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and ORTH, JJ.

*Adrian L. Bastianelli, III,* with whom were *Hudson, Creyke, Koehler & Tacke, Jay V. Strong, Jr.,* and *Edward L. Blanton, Jr.,* on the brief, for appellant.

*Amicus curiae* brief filed by Baltimore Contractors, Inc., *H. Vernon Eney, Robert R. Bair, John W. Scheflen* and *Vendable, Baetjer & Howard* on the brief.

*Amicus curiae* brief filed by Stamford Construction Company, *Stanley B. Rohd* and *Whiteford, Taylor, Preston, Trimble & Johnston* on the brief.

*James R. Avnet, Special Attorney,* with whom were *Francis B. Burch, Attorney General, J. Michael McWilliams, Assistant Attorney General,* and *Nolan H. Rogers, Special Assistant Attorney General,* on the brief, for State Highway Administration, part of appellees. *Allan B. Blumberg, Chief Solicitor,* with whom were *Benjamin L. Brown, City Solicitor, Ambrose T. Hartman, Deputy City Solicitor,* and *Otho M. Thompson, Assistant City Solicitor,* on the brief, for Mayor and City Council of Baltimore, other appellee.

SINGLEY, J., delivered the opinion of the Court.

This case presents the issue whether a municipality, here the City of Baltimore (the City), may interpose the defense of sovereign immunity in an action in contract. We granted certiorari after the case had been docketed but before it was argued in the Court of Special Appeals.

In May, 1974, the City entered into a contract with American Structures, Inc. (the Contractor) for the construction of a storm drain outfall, in accordance with the specifications prepared by the Maryland State Highway Administration (the Highway Administration).

Work commenced in September, 1974, and thereafter the Contractor encountered subsurface conditions which allegedly differed substantially from those contemplated by the contract documents. Apparently in reliance on a provision of contract documents which required the giving of prompt notice should conditions be identified which increased the character of the work to be performed under the contract, the Contractor, in January, 1975, notified the City that it was confronted with such a situation. The City apparently directed the Contractor to proceed with the work.

When negotiations looking toward an adjustment of the contract price proved inconclusive, in September, 1975, the Contractor brought a declaratory judgment action in the Circuit Court of Baltimore City against the City and the Highway Administration, which had as its purpose the construction of the contract provisions. Both defendants interposed the defense of sovereign immunity, the City by a motion to dismiss, and the State by a motion raising preliminary objection. From an order dismissing the action, the Contractor has appealed.

While the application of the doctrine of sovereign immunity in the United States has been roundly criticized, see *Godwin v. County Comm'rs of St. Mary's County*, 256 Md. 326, 330-34, 260 A. 2d 295, 297-98 (1970); Clarke, *Municipal Responsibility in Tort in Maryland*, 3 Md.L.Rev. 159 (1939); Borchard, *Government Liability in Tort*, 34 Yale L.J. 1, 2 (1924); W. Prosser, Law of Torts, Chapter 26, § 131, 975-87

(4th ed. 1971), it has survived, in one form or another, in some jurisdictions.[1]

In Maryland, the rule of our cases is clear. If an action is brought for a money judgment in contract or in tort against the State or an agency of the State without the State's consent, actual or implied, it must be defended on the ground of sovereign immunity, which cannot be waived unless funds have been appropriated for the purpose or the agency can provide funds by taxation, *Calvert Associates Limited Partnership v. Department of Employment & Social Services,* 277 Md. 372, 357 A. 2d 839 (1976); *Charles Brohawn & Bros. v. Board of Trustees of Chesapeake College,* 269 Md. 164, 304 A. 2d 819 (1973); *Jekofsky v. State Roads Comm'n,* 264 Md. 471, 287 A. 2d 40 (1972); *University of Maryland v. Maas,* 173 Md. 554, 559, 197 A. 123, 125 (1938); *Dunne v. State,* 162 Md. 274, 159 A. 751 (1932); *State v. Baltimore & Ohio R.R.,* 34 Md. 344 (1871), *aff'd,* 21 Wall. 456 (1875).[2] *See also Central Collection Unit v. Atlantic Container Line, Ltd.,* 277 Md. 626, 356 A. 2d 555 (1976).

As regards counties and municipalities, however, the rule is different. *Lake Roland Elevated Ry. v. Baltimore,* 77 Md. 352, 370-72, 381, 26 A. 510, 512-13, 516 (1893) and *Rittenhouse v. Baltimore,* 25 Md. 336, 346-48 (1866), are authority for the proposition that while a municipality may abrogate its responsibility under a contract entered into in performance of a governmental function if dictated by the public good, the municipality is answerable in damages incurred to the time of cancellation. As a consequence, municipalities and counties have been regularly subject to suit in contract actions, whether the contracts were made in performance of a governmental or proprietary function, as long as the

1. Chapter 450 of the Laws of Maryland, 1976, effective 1 July 1976, provides that in the absence of a contrary provision, neither the State, its officers, departments, agencies, boards and commissions, nor any municipal corporation, or unit of municipal government, nor any county or unit of county government may raise the defense of sovereign immunity in an action based on a written contract brought within one year after the claim arose or the contract was performed, whichever is later.

2. The defense of sovereign immunity was abrogated in Maryland by Chapter 53 of the Laws of 1786 but was reinstated by Chapter 210 of the Laws of 1820.

execution of the contract was within the power of the governmental unit, *Mayor & City Council of Baltimore v. Landay,* 258 Md. 568, 267 A. 2d 156 (1970); *City of Frederick v. Brosius Homes Corp.,* 247 Md. 88, 92, 230 A. 2d 306, 308 (1967); *Funger v. Mayor & Council of Somerset,* 244 Md. 141, 223 A. 2d 168 (1966); *Bair v. Mayor & City Council of Westminster,* 243 Md. 494, 221 A. 2d 643 (1966); *Mayor & City Council of Baltimore v. Allied Contractors, Inc.,* 236 Md. 534, 204 A. 2d 546 (1964); *Mayor & City Council of Baltimore v. Industrial Electronics, Inc.,* 230 Md. 224, 186 A. 2d 469 (1962); *Nelley v. Mayor & City Council of Baltimore,* 224 Md. 1, 166 A. 2d 234 (1960); *Gaver v. County Comm'rs of Frederick County,* 175 Md. 639, 650, 3 A. 2d 463, 467-68 (1939); *Merryman v. Mayor & City Council of Baltimore,* 153 Md. 419, 138 A. 324 (1927); *Christhilf v. Mayor & City Council of Baltimore,* 152 Md. 204, 136 A. 527 (1927); *Mayor & City Council of Baltimore v. Poe,* 132 Md. 637, 104 A. 360 (1918); *Mayor & City Council of Baltimore v. Clark,* 128 Md. 291, 97 A. 911 (1916); *Mayor & City Council of Baltimore v. Ault,* 126 Md. 402, 94 A. 1044 (1915); *Mayor & City Council of Baltimore v. Talbott & Co.,* 120 Md. 354, 87 A. 941 (1913); *Mayor & City Council of Baltimore v. Kinlein & Co.,* 118 Md. 336, 84 A. 483 (1912); *Tasker v. County Comm'rs of Garrett County,* 82 Md. 150, 33 A. 407 (1895); *Morgan v. Mayor & City Council of Baltimore,* 58 Md. 509 (1882); *O'Brian & Co. v. County Comm'rs of Baltimore County,* 51 Md. 15 (1879); *Ruppert v. Mayor & City Council of Baltimore,* 23 Md. 184 (1865); *Mayor & City Council of Baltimore v. Eschbach,* 18 Md. 276 (1862).

We conclude, therefore, that on the record before it the trial court was quite correct when it granted the State's motion raising a preliminary objection, but that the City's motion to dismiss should have been denied. We have carefully avoided any consideration of whether the defense of sovereign immunity might be available to the City had the action been in tort, *see Godwin v. County Comm'rs of St. Mary's County, supra,* 256 Md. at 343-44; 57 Am. Jur.2d *Municipal, Etc. Tort Liability* § 27 at 36 (1971); 10 E. McQuillin, Municipal Corporations § 29.123-29.133 at 586-609 (3d ed., 1966 Rev. Vol.), nor should we be understood as

expressing any opinion as to whether or not the Contractor can succeed in its action for declaratory relief.

> *Order affirmed in part and re-*
> *versed in part; case remanded*
> *for further proceedings; one-*
> *half of the costs to be paid*
> *by appellant, one-half to*
> *abide the result.*