FREDERICK A. SCHROEDER *et al.*, Plaintiffs-Appellants, v. THE CITY OF GRAYVILLE *et al.*, Defendants-Appellees.

Fifth District   No. 5—87—0144

Opinion filed February 25, 1988.

John E. Fick, of Samuels, Miller, Schroeder, Jackson & Sly, of Decatur, for appellants.

Bleyer & Bleyer, of Marion, for appellees.

JUSTICE WELCH delivered the opinion of the court:

Plaintiffs, Frederick Schroeder, Raymond Schroeder, and Norma Fick, appeal from an order entered January 29, 1987, by the circuit court of White County, dismissing with prejudice their complaint against defendants City of Grayville, an Illinois municipal corporation, and Jerry Taylor, individually and as water and sewer commissioner for Grayville. The complaint alleged tortious interference with contract and discrimination by defendants in their refusal to supply water to plaintiffs' property, which was situated beyond Grayville city boundaries.

Plaintiffs' interest in having Grayville supply water to their property arose when a third party, Fred Coe, expressed interest in leasing a portion of plaintiffs' property. The leasing negotiations between plaintiffs and Coe allegedly generated an oral agreement for a 20-year lease at $2,500 per year, contingent on the property being connected to Grayville's water line. This contingency was never satisfied, and,

therefore, the alleged leasing agreement between plaintiffs and Coe was not executed.

Plaintiffs filed their complaint on February 13, 1986, alleging, *inter alia*, that upon learning of Coe's proposed lease with the plaintiffs, Jerry Taylor, in his capacity as water and sewer commissioner of Grayville, stated that under no circumstances would the plaintiffs, or anyone leasing from plaintiffs, be allowed to tap into Grayville's water line. According to plaintiffs, Grayville's decision to deny them water was in retaliation to plaintiffs' previous refusal to grant the city of Grayville an easement for a water line across their property. Plaintiffs claim that defendants' refusal to supply water to plaintiffs' property discriminated against plaintiffs because it denied them water service which had been supplied to others similarly situated, and at the same time, defendants' refusal interfered with the contract negotiated between plaintiffs and Coe. Because Coe sought and obtained property elsewhere, plaintiffs' complaint prayed for recovery of profits diverted by defendants' alleged tortious interference with their potential contract, as well as punitive damages.

Defendants did not file an answer addressing the allegations of plaintiffs' complaint. Instead, on March 4, 1986, defendants filed a motion to dismiss the complaint for failure to state a cause of action, asserting that, under Illinois law, municipalities are under no duty to provide water to nonresidents in the absence of a contractual undertaking. Defendants asserted that, because there was no contract between the parties to this action, defendants were not obligated to provide water to plaintiffs' property and the complaint should be dismissed as a matter of law. Before ruling on defendants' motion to dismiss, the trial court granted plaintiffs leave to amend their complaint. Likewise, the court instructed that defendants would be allowed additional time after the filing of plaintiffs' first amended complaint in order to amend their motion to dismiss, or otherwise address any new matters raised by the first amended complaint.

Upon plaintiffs' filing of their first amended complaint, defendants filed a memorandum and supplemental memorandum in support of their motion to dismiss the first amended complaint. On January 16, 1987, plaintiffs filed a motion for judgment on the pleadings. In turn, on January 21, 1987, defendants filed a response to plaintiffs' motion for judgment. All matters having been considered, the court entered an order on January 29, 1987, dismissing plaintiffs' complaint with prejudice and denying plaintiffs' motion for judgment on the pleadings.

On appeal, plaintiffs contend that their complaint should not have

been dismissed and that judgment should have been entered in their favor on the pleadings. In support of their complaint, plaintiffs cite cases holding that a city or municipality acts as a business when it operates a utility, and in this proprietary capacity must refrain from discriminating unreasonably among persons similarly situated. See, *e.g.*, *Village of Niles v. City of Chicago* (1980), 82 Ill. App. 3d 60, 401 N.E.2d 1235; *Austin View Civic Association v. City of Palos Heights* (1980), 85 Ill. App. 3d 89, 405 N.E.2d 1256.

■ Defendants counter, arguing that under Illinois law, a municipality has no duty to provide water to nonresidents in the absence of a contractual relationship obligating it so to do. (Ill. Rev. Stat. 1985, ch. 24, par. 11—149—1; *Rehm v. City of Batavia* (1955), 5 Ill. App. 2d 442, 449, 125 N.E.2d 831, 834. See *Gage v. Village of Wilmette* (1924), 315 Ill. 328, 146 N.E. 325.) However, it is our opinion that, although not obligated to serve nonresidents in the absence of a contractual relationship, a municipality is prohibited from discriminating unreasonably in rates or manner of service when it elects to serve nonresidents.

Although we are unable to find any Illinois cases directly on point, we find support for our position in Illinois statutes and cases (Ill. Rev. Stat. 1985, ch. 111²⁄₃, par. 38; *Baltis v. Village of Westchester* (1954), 3 Ill. 2d 388, 121 N.E.2d 495; *Austin View Civic Association v. City of Palos Heights* (1980), 85 Ill. App. 3d 89, 405 N.E.2d 1256.), along with cases from other jurisdictions, which, although not binding, are factually similar and authoritative. *City of Dover v. Delmarva Enterprises, Inc.* (Del. 1973), 301 A.2d 276; *Birmingham v. Rice Brothers* (1947), 238 Iowa 410, 26 N.W.2d 39, *cert. denied* (1947), 332 U.S. 768, 92 L. Ed. 353, 68 S. Ct. 79.

In *Baltis*, the court stated the well-established principle that a municipal corporation owning and operating a water system and selling water to individuals, although engaged in a public service, does so in its business or proprietary capacity, not in any governmental capacity, and no distinction is to be drawn between such business whether engaged in by a municipality or by a private corporation. (*Baltis*, 3 Ill. 2d at 398, 121 N.E.2d at 500.) Further, in *Austin View*, the court, citing sections 32 and 38 of the Public Utilities Act (Ill. Rev. Stat. 1977, ch. 111²⁄₃, pars. 32, 38), stated that private utilities are prevented from charging exorbitant rates or from engaging in unreasonable discrimination in rates or manner of service. (*Austin View Civic Association*, 85 Ill. App. 3d at 95.) Although factually different, the reasoning in these cases supports plaintiffs' claim that defendants' refusal to provide them water, while providing water to others similarly situ-

ated, is an unreasonably discriminatory manner of service.

In other jurisdictions, the *City of Dover* court held that the city was providing "[s]imilar services to other noncity residents within the service zone it created, and its refusal to provide the same service to Delmarva is discriminatory as a matter of law." (*City of Dover*, 301 A.2d at 277.) Likewise, the *Birmingham* court ruled that unjust discrimination, unfair rates or practices, or unreasonable rules on the part of a public utility are prohibited. *Birmingham*, 238 Iowa at 416-17, 26 N.W.2d at 42-43.

In accordance with the reasoning of the foregoing cases, we find the plaintiffs in the present case alleged facts sufficient to state a cause of action; therefore, their complaint should not have been dismissed. (*Johnson v. World Color Press, Inc.* (1986), 147 Ill. App. 3d 746, 498 N.E.2d 575.) Further, we refuse to apply the reasoning of *Rehm v. City of Batavia* (1955), 5 Ill. App. 2d 442, 125 N.E.2d 831, as the application of *Rehm* to the present case would have a stifling effect on justice.

Likewise, we find that the trial court erred in dismissing with prejudice plaintiffs' complaint in parts pertaining to tortious interference with contractual rights. In order to state a cause of action for tortious interference with contract, a plaintiff must allege the existence of a valid contract, an intentional and unjustified inducement of a party to the contract to breach his contractual obligations, and damages occurring as a proximate result of the breach. (*Mineral Resources, Inc. v. Classic Coal Corp.* (1983), 115 Ill. App. 3d 114, 450 N.E.2d 379.) In determining whether a complaint states a cause of action, a reviewing court should interpret the facts alleged in the complaint in the light most favorable to plaintiffs, and a dismissal of the complaint should be allowed to stand only where, from the face of the pleadings, it appears that no set of facts could be proved that would entitle plaintiffs to recovery. (*Davis v. Keystone Printing Service, Inc.* (1982), 111 Ill. App. 3d 427, 444 N.E.2d 253.) Although plaintiffs' complaint concedes that the alleged agreement was never reduced to writing, thus making uncertain the existence of a valid contract, the complaint states facts sufficient to support a cause of action for tortious interference with contract and should not have been dismissed on the pleadings.

Plaintiffs also appeal the trial court's failure to grant judgment on the pleadings, which pleadings, plaintiffs argue, should have been taken as true in the absence of a specific admission or denial from defendants. We find no merit in this claim as the record indicates that defendants filed preanswer dispositive pleadings in accord-

ance with the order of the court and section 2—609 of the Civil Practice Law. Ill. Rev. Stat. 1985, ch. 110, par. 2—609.

For the reasons stated, the order of the trial court of White County is reversed in part dismissing plaintiffs' complaint with prejudice and is affirmed in part denying plaintiffs' motion for judgment on the pleadings, and this action is remanded for further proceedings on remaining issues.

Reversed in part; affirmed in part and remanded for further proceedings.

HARRISON, P.J., and CALVO, J., concur.