**ROBERT PAUL PORTER and FAALELEIGA PORTER,
Petitioners**

v.

**REGISTRAR OF VITAL STATISTICS, Respondent**

High Court of American Samoa
Trial Division

CA No. 88-95

August 22, 1995

Before KRUSE, Chief Justice

Counsel: For Petitioners, Charles V. Ala`ilima

Order Denying Petition for Writ of Mandamus:

This matter concerns the adoption of three American Samoan children in the Courts of Western Samoa, by a couple who are citizens and residents of New Zealand. The children currently face the possibility of being deported from New Zealand, because New Zealand immigration authorities insist that the children present birth certificates certifying that the children's adoptive parents are the lawful parents. The Registrar of Vital Statistics has declined to issue amended birth certificates.

175

Consequently, the birth mother of all of the adopted children, along with her husband, petition this court for an extraordinary writ to compel the Registrar of Vital Statistics to issue amended birth certificates certifying that the adoptive parents are the lawful parents.

■ The standard for issuing the alternative writ of mandamus is that the petitioner must make out a prima facie case for granting the peremptory writ. *Black v. State Personnel Board*, 289 P.2d 863, 866 (Cal. 1955); *see also Bair v. Mayor*, 221 A.2d 643, 646 (Md. 1966). The standard for granting the peremptory writ of mandamus, as set forth in T.C.R.C.P. 90, is interpreted by this court as follows:

> The extraordinary writ of mandamus will not be issued unless: (1) the plaintiff has a plain right to have the act performed; (2) the defendant has a plain duty to perform it; and (3) there is no other adequate remedy available to the plaintiff.

*Mulitauaopele v. Maiava*, 24 A.S.R.2d 97, 98 (Trial Div. 1993).[1]

■ The petitioner will fail the second prong of this test unless he/she establishes that the duty of respondent is purely "ministerial." *Id*. A duty is ministerial only if it is clearly proscribed and does not involve an exercise of judgment or discretion. *Cf. Thomas v. Vinson*, 153 F.2d 636, 638 (D.C. Cir. 1946); *Bryant & Chapman v. Lowell*, 27 A.2d 637, 639 (Conn. 1942). In the present matter, the petitioners simply cannot demonstrate the existence of a "plain right," to compel the action sought of the Registrar, nor the existence of a "plain duty," on the Registrar to amend the birth registry pursuant to a foreign decree of adoption.[2] Petitioners' cite to *In Re Puailoa*, 13 A.S.R.2d 22 (Trial Div. 1989), for the proposition that American Samoa should accept adoption decrees from Western Samoa as a matter of comity, is misplaced. In *Puailoa*, we actually declined to require the registration of a foreign adoption decree in American Samoa and refused to give a "blanket declaration to the effect that Western Samoan adoption decrees ought to be given full faith and

---

[1] *Citing Gifford Pinchot Alliance v. Butruille*, 742 F. Supp. 1077, 1082-83 (D. Ore. 1990); *see Siofele v. Shimasaki*, 9 A.S.R.2d 3, 11 (Trial Div. 1988); *Beckless v. Heckler*, 622 F. Supp. 715, 720 (N.D. Ill. 1985) (citing *Kennecott Copper Corp. v. Costle*, 572 F.2d 1349, 1356 (9th Cir. 1978); *City of New York v. Heckler*, 742 F.2d 729 (2d Cir. 1984), *aff'd sub nom. Bowen v. City of New York*, 476 U.S. 467 (1986)).

[2] *Cf.* A.S.C.A. § 45.0424(b). This enactment clearly imposes a non-discretionary, ministerial duty on the Registrar of Vital Statistics to amend the birth registry pursuant to a decree of Adoption of the District Court of American Samoa.

credit in American Samoa." *Id*. at 24. Whether comity principles will prevail "is dependent on wide ranging local policy considerations," including whether the foreign proceeding comports with our notions of due process. *Id* at 24. These are clearly issues involving judgment and discretion.

Since there is no clear and non-discretionary duty for the Registrar of Vital Statistics to register the adoption decrees of foreign nations, a writ of mandamus will not issue and the petition is, therefore, denied.

It is so ordered.